In the Matter of the Compensation of
Lee Austin, Claimant.

AUSTIN,
*Petitioner,*

*v.*

CONSOLIDATED FREIGHTWAYS,
*Respondent.*

(82-03002; CA A31798)

704 P2d 525

Robert E. Nelson, Gresham, argued the cause and filed the brief for petitioner.

Alan M. Muir, Portland, argued the cause for respondent. With him on the brief were Dennis S. Reese, and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Claimant seeks review of a Board order which affirmed the referee's determination that employer reasonably suspended time loss benefits after learning that claimant was receiving income from self-employment.

Claimant suffered a compensable back injury on December 15, 1981, while working as a truck driver. Although he had not been released for work, on March 3, 1982, he opened a lawn mower repair business, which he had been operating as a hobby out of his home since 1975. On March 18 and 19, 1982, employer's investigators observed claimant lifting, bending and doing his share of the work in the repair shop. The shop was open for business six days per week.

Without first seeking income information, on March 19, 1982, employer notified claimant that he no longer qualified for temporary total disability:

"Our information reveals that you are and have been employed for some time. You do not qualify for temporary total disability benefits while employed.

"Will you please provide us with a list of earnings, from any source, for the period of December 15, 1981, through the present. We will be entitled to an offset of all income earned.

"If you do not reply within ten days, our attorney has advised us to take whatever action is necessary to obtain this information."

Employer characterizes this notice as a "temporary suspension letter." Benefits were suspended as of the date of the letter. Immediately thereafter, claimant telephoned employer's claims examiner to advise her that he was not receiving any wages from the mower repair business. The claims examiner asked if she could see claimant's financial records, and he replied that he would provide the records after consulting his attorney. No records were provided until the date of the hearing, despite several requests by employer.

On December 27, 1982, a determination order was issued, awarding claimant temporary total disability benefits from December 16, 1981, through June 28, 1982. No temporary total disability has been paid since March 19, 1982.[1]

---

[1] The determination order was issued while this matter was pending before the hearing referee on the question of whether the employer acted reasonably. The determination order was not before the referee or the Board, and this opinion does not resolve any issues which may arise out of that order.

The referee and the Board held that the suspension of benefits was reasonable. The Board stated that the suspension should not be viewed as a "termination" of benefits, but as a "calculation" of partial (zero) benefits which the employer is entitled and required to make unilaterally, under OAR 436-54-222(3),[2] after determining that a claimant has post-injury wage earnings. The Board reasoned that, because claimant would not provide wage information, employer could infer that he was earning as much as or more than he did at the time of the injury. The Board considered the situation to be analogous to the presumption allowed by OEC 311(1)(c), that evidence wilfully suppressed is presumed to be adverse to the party suppressing it.

Although such a rule would, as the Board suggests, "put some teeth in the Board's often repeated admonition that claimants have some duty to furnish information necessary to prove their claims," it is not the law. Time loss benefits under ORS 656.212 may be terminated when medical reports indicate that the worker's condition has become medically stationary or when the worker has been released for or has returned to regular work. ORS 656.268; *Jackson v. SAIF,* 7 Or App 109, 490 P2d 507 (1971). Benefits may be terminated unilaterally if it is determined that the employe has returned to work for at least the same hours and wages. *Phillips v. Peco Manufacturing Co.,* 32 Or App 589, 574 P2d 707 (1978). If the attending doctor has not approved the claimant's return to regular employment, the insurer or self-insured employer must continue to make time loss payments until termination is authorized by the Workers' Compensation Department. *See Georgia Pacific v. Awmiller,* 64 Or App 56, 666 P2d 1379 (1983).

An employer has the right to suspend benefits with the consent of the Director of the Workers' Compensation Department under ORS 656.325(1) if the claimant refuses to submit to a medical examination or commits injurious or unsanitary practices which tend either to imperil or to retard

---

[2] OAR 436-54-222(3) provides:

"An insurer or self-insured employer shall cease paying temporary total disability compensation and commence making payment of such temporary partial disability compensation as is due from the date an injured worker accepts and commences any kind of wage earning employment prior to claim determination."

recovery. If, at any time, a dispute arises, a hearing may be requested. ORS 656.325(6); ORS 656.283(1). As we stated in *Jackson v. SAIF, supra,* there may be other occasions when the employer may wish to stop making payments, but it cannot be done on the employer's own motion. As employer concedes, claimant was not medically stationary and had not been released for work on the date benefits were suspended. Employer did not know whether claimant had returned to work for at least the same wages and hours, because it had not sought income information.

The Board's characterization of employer's letter of March 19, 1982, as a "unilateral calculation" of temporary partial benefits is contrived. It is true that an employer is required under OAR 436-54-222(3) to cease making total disability payments and to calculate and begin making partial payments when it knows that a claimant has returned to work, but to characterize employer's conduct here as a "calculation" is not consistent with the evidence. Employer itself described the letter of March 19, 1982, as a "suspension of benefits" and, before it was sent, it had not sought any information from claimant regarding his income; instead, it suspended benefits as a means of obtaining that information.

■ Employer argues on appeal that the power to suspend benefits is necessary, because "the statutes, administrative rules, and appellate cases do not assist an employer in obtaining the claimant's post-injury wage rate for the purpose of calculating partial disability." The Worker's Compensation laws provide every employer with the right to request a hearing at any time, ORS 656.283(1); that is the employer's resource for obtaining information if the claimant refuses to provide it. Suspension of time loss benefits was not proper and was unreasonable in the absence of a determination order or evidence that claimant had returned to work for at least the same hours and wages.

Reversed and remanded for determination of penalties and attorney fees.