Argued and submitted January 11, affirmed June 22, reconsideration denied
August 12, petition for review denied October 18, 1988 (307 Or 77)

In the Matter of the Compensation of
Lloyd O. Fisher, Claimant.

NORTHRUP KING & COMPANY et al,
*Petitioners,*

*v.*

FISHER,
*Respondent.*

(WCB 85-13310; CA A42977)

757 P2d 855

Jas J. Adams, Portland, argued the cause for petitioners. With him on the brief was Acker, Underwood & Smith, Portland.

Edward J. Harri, Salem, argued the cause for respondent. With him on the brief were Richard T. Kropp and Emmons, Kyle, Kropp, Kryger & Alexander, P.C., Albany.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Northrup King & Company (employer) seeks review of a Workers' Compensation Board order holding that claimant was entitled to temporary total disability (TTD) benefits for the period during which he was incarcerated in prison. It contends that claimant was not a "worker" while he was incarcerated. We hold that, whether or not employer is correct, it could not terminate the benefits unilaterally. Therefore, we affirm.

Claimant suffered a compensable injury in September, 1984, while working for employer, which initially denied the claim but later accepted it. Claimant had bone-graft surgery in April, 1985. Two weeks after the surgery, claimant was extradited to Texas to serve a prison sentence. At the time of the transfer, claimant was not medically stationary or released for work. He was not found to be medically stationary at any time during his incarceration.

On October 3, 1985, employer sent claimant a notice at his home address advising him that his time-loss benefits were being terminated immediately and for the remainder of his incarceration. The letter instructed claimant to inform employer on his release and stated that his entitlement to time-loss benefits would then be determined.[1] Claimant was paroled in January, 1986, and his TTD benefits were restored as of January 24.

After his release, claimant sought a hearing on the propriety of the termination of benefits. The referee concluded that claimant should have continued to receive TTD. However, the referee expressly stated that that was not a finding of entitlement to benefits during incarceration, but a finding that unilateral termination was inappropriate. The referee declined to award penalties and attorney fees, because she found the suspension not to have been unreasonable

---

[1] Employer also requested an offset for benefits already paid during claimant's incarceration. Because of their resolutions of the procedural question, neither the referee nor the Board considered the merits of the offset, and neither do we.

because it was based on advice from the Attorney General.[2] The Board affirmed the referee, agreeing that the unilateral termination was improper but that it was not unreasonable.

Claimant argues that we need not reach the question of his entitlement to benefits, because employer improperly terminated his benefits, ORS 656.268(1),(2), and that, therefore, we must affirm the Board. Employer argues that unilateral termination was appropriate, because claimant is not entitled to benefits because the Supreme Court authorized such unilateral terminations in *Cutright v. Weyerhaeuser Co.*, 299 Or 290, 702 P2d 403 (1985), and because prior authorization to terminate would have been superfluous and would have deprived employer of an effective remedy.

ORS 656.268(1) provides, in relevant part:

"Claims shall not be closed nor temporary disability compensation terminated if the worker's condition has not become medically stationary * * *."

Once a claimant is medically stationary, *former* ORS 656.268(2)[3] specified the procedures to be followed:

"When the injured worker's condition resulting from a disabling injury has become medically stationary, * * * the insurer or self-insured employer shall so notify the Evaluation Division, the worker, and the employer, if any, and request the claim be examined and further compensation, if any, be determined. * * * If the attending physician has not approved the worker's return to the worker's regular employment, the insurer or self-insured employer must continue to make temporary total disability payments until termination of such

---

[2] The advice on which employer had based its decision to terminate TTD benefits stated, in relevant part:

"TTD and TPD benefits are designed to 'compensate *workers* who are active in the labor market, for wages lost because of inability (or reduced capacity) to work as a result of a compensable injury * * *.' Incarcerated persons, like retired persons * * *, are not in the labor market because of their own actions. With few exceptions they are not entitled to receive TTD or TPD benefits.

"* * * * *

"Because time loss benefits are wage replacement, they should be treated as if they were wages. For claimants incarcerated in a Corrections Division institution, * * * time loss checks should be sent to the claimant with instructions to 'promptly surrender' the check to the corrections division." (Citations omitted; emphasis in original.)

[3] ORS 656.268 was amended by Or Laws 1987, ch 844, § 10.

payments is authorized following examination of the medical reports submitted to the Evaluation Division under this section."

Under those statutes, claimant was entitled to continue to receive TTD benefits until he was medically stationary and was released for work. *Fazzolari v. United Beer Distributors*, 91 Or App 592, 757 P2d 857 (1988). If employer believed that claimant was not entitled to benefits during his incarceration, it should have requested a hearing. ORS 656.283(1); *Austin v. Consolidated Freightways*, 74 Or App 680, 704 P2d 525, *rev den* 300 Or 332 (1985); *Jackson v. SAIF*, 7 Or App 109, 490 P2d 507 (1971).

*Cutright v. Weyerhaeuser Co., supra,* does not alter the result. In that case, the Supreme Court held that a claimant who has withdrawn from the workforce is not entitled to TTD. We do not decide whether a worker who is incarcerated is entitled to TTD. We decide only that benefits cannot be terminated unilaterally, except under the circumstances described in ORS 656.268.[4]

Affirmed.

---

[4] Claimant argues that the unilateral termination of benefits was unreasonable and that, therefore, he is entitled to penalties and attorney fees. However, because claimant did not file a cross-petition, we do not reach that issue.