Argued and submitted December 11, 1989, affirmed March 14, reconsideration denied April 25, petition for review dismissed May 25, 1990 (310 Or 122)

In the Matter of the Compensation of
Ted W. Peckham, Claimant.

FORSHEE & LANGLEY LOGGING et al,
*Petitioners,*

*v.*

PECKHAM,
*Respondent.*

(WCB 86-00033; CA A60518)

788 P2d 487

H. Scott Plouse, Medford, argued the cause and filed the brief for petitioners.

Karen M. Werner, Eugene, argued the cause and filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Employer seeks review of a Workers' Compensation Board order on reconsideration that awarded temporary total disability benefits to an incarcerated claimant who was neither released for work nor medically stationary. We affirm.

Claimant, a timber faller, injured his back in a logging accident on September 22, 1983. One week later, his physician took him off work, and claimant began to receive temporary total disability compensation. On October 3, 1984, claimant was incarcerated in a correctional facility, where he remained until June 9, 1985. During that entire time, he was neither medically stationary nor released for regular work. While incarcerated, he continued to receive temporary total disability benefits.

Claimant's claim was closed by a December 15, 1985, determination order that declared him medically stationary as of November 15, 1985, and awarded him 15 percent permanent partial disability. The determination order did not award temporary total disability for the period that he was incarcerated and authorized employer to offset the disability payments that claimant had received during that time.

Claimant contended that he was entitled to TTD benefits while he was incarcerated and requested a hearing. The referee, relying on *Cutright v. Weyerhaeuser Co.*, 299 Or 290, 702 P2d 403 (1985), affirmed the denial of benefits for the time that he was jailed, reasoning that, because he was unavailable for work, he had no loss of wages and was, therefore, not entitled to temporary disability payments. The Board affirmed, noting that temporary total disability is wage replacement for "workers," as defined by ORS 656.005(27),[1] and concluding that an incarcerated individual has withdrawn from the work force. In its order on reconsideration, the Board reversed itself and held that claimant was entitled to temporary disability benefits.

---

[1] ORS 656.005(27), provides:

" 'Worker' means any person, including a minor whether lawfully or unlawfully employed, who engages to furnish services for a remuneration, subject to the direction and control of an employer and includes salaried, elected and appointed officials of the state, state agencies, counties, cities, school districts and other public corporations, but does not include any person whose services are performed as an inmate or ward of a state institution."

On review, the employer argues by analogy to the retired worker in *Cutright v. Weyerhaeuser Co., supra,* that claimant was not a "worker" and was not entitled to temporary disability because, as an incarcerated individual, he was unavailable for work and, therefore, did not sustain a loss of wages.

In *Cutright,* the Supreme Court held that a claimant who voluntarily retires and permanently withdraws from the work force for reasons unrelated to the injury, after the claim is closed and before filing an aggravation claim, is not entitled to temporary total disability benefits for an aggravation, because the claimant is no longer a "worker" at the time of filing. Here, claimant was a "worker" when he filed his initial claim. He injured his back while engaged in regular gainful employment. His departure from the workforce was the direct consequence of the disabling effects of that compensable injury. As we recently stated in *Weyerhaeuser Co. v. Kepford,* 100 Or App 410, 414, 786 P2d 745 (1990):

> "*Dawkins [v. Pacific Motor Trucking,* 308 Or 256, 258, 778 P2d 497 (1989)] makes it clear that the critical time for determining whether a claimant has withdrawn from the workforce is at the time of the disability. * * * Here, claimant was working and was, therefore, a member of the workforce when he became disabled by his occupational disease. It matters not that he retired or had withdrawn from the workforce after that time. Under *Dawkins,* he need not show that he remained in the work force. *Because he was entitled to receive benefits for temporary total disability at that time, he was entitled to continue to receive them until he became medically stationary and was released for work* * * * at which time employer was entitled to close his claim." (Citations omitted; emphasis supplied.)

Employer's argument ignores the fact that, despite claimant's incarceration, he was never medically stationary or released for work during the time that he was jailed. Claimant's medical condition precluded his employment, even if he had not been incarcerated. Under those circumstances, there is no authority to terminate temporary disability benefits. *Northrup King & Co. v. Fisher,* 91 Or App 602, 757 P2d 855, *rev den* 307 Or 77 (1988); *see also Fazzolari v. United Beer Distributors,* 91 Or App 592, 595, 757 P2d 857, *on reconsideration* 93 Or App 103, 761 P2d 6, *rev den* 307 Or 236 (1988).

It is the legislature's province to restrict the ability of incarcerated individuals to collect workers' compensation and, in some situations, it has done so. *See* ORS 655.515(1).[2] We decline employer's suggestion that we create additional exceptions that have no basis in the statute.

Claimant was temporarily totally disabled as a result of a compensable injury throughout the time that he was incarcerated, and he was entitled to temporary disability compensation. ORS 656.268(1).[3] Accordingly, TTD benefits paid were not an overpayment, and an offset is improper.

Affirmed.

---

[2] ORS 655.515(1) provides:

"No benefits, except rehabilitation services, shall accrue to the inmate until the date of release from confinement and shall be based upon the condition of the inmate at that time."

[3] ORS 656.268(1) provides, in pertinent part:

"Claims shall not be closed nor temporary disability compensation terminated if the worker's condition has not become medically stationary."

In *Fazzolari v. United Beer Distributors, supra,* we stated: "The statute does not permit unilateral termination of temporary total disability benefits, unless the claimant is *both* medically stationary and released for work." 91 Or App at 595. (Emphasis in original.)