Argued and submitted December 16, 1992, affirmed March 17, reconsideration denied June 16, petition for review denied July 27, 1993 (317 Or 272)

In the Matter of the Compensation of
Joel O. Sandoval, Claimant.

## Joel O. SANDOVAL,
*Petitioner,*

*v.*

## CRYSTAL PINE
and Liberty Northwest Insurance Corporation,
*Respondents.*

(90-01081; CA A74626)

848 P2d 1224

Edward J. Harri, Salem, argued the cause for petitioner. On the brief were Stanley F. Fields and Law Office of Michael B. Dye, Salem.

Alexander D. Libmann, Portland, argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Rossman and Edmonds, Judges.

EDMONDS, J.

### EDMONDS, J.

Claimant seeks review of an order of the Workers' Compensation Board. He argues that the Board erred when it held that employer was not required to pay temporary total disability (TTD) after November 5, 1990, and that employer was not liable for attorney fees or penalties. ORS 656.262(4)(b). We affirm.

The Board found that claimant, a tree planter, injured his back in a fall on October 19, 1989. Employer accepted the claim and began paying TTD. In October, 1990, employer requested verification of claimant's inability to work from claimant's attending physician. The physician responded by letter dated November 5, 1990:

> "[Claimant] was last seen on 10-23-90[.] At this time the [doctor's] physical examination sees minimal tenderness on lumbar sacral area, negative tension signs, M/S intact, DTR are within normal limits. Patient is [recommended] to obtain a second opinion for further management since he suffers lumbar back pain for over one year. Patient has been released to go back to work on 6-26-90 and returned to us on 7-11-90 for a check up and then on 7-31-90 when he couldn't return to work because of [too] much pain so he was put on disability again by Dr. Song. [Claimant] returned on 8-14-90 for a check up then released again on 8-27-90. On 10-23-90 he returned stating he couldn't work so doctor Haeff M.D. (general [practitioner]) referred him back to Dr. Song (orthopedic) and at that time is what I mentioned in the above beginning paragraph. At this time Dr. Song would like if you would set up [claimant] with one of your medical doctors to be [evaluated] for this condition."

Based on the letter, employer had claimant undergo a medical examination by a different physician, who reported that claimant was capable of returning to work without restriction. Employer then stopped paying TTD as of December 18, 1990. The Board held that TTD was not due and payable after November 5, 1990, because claimant's attending physician was unable to verify claimant's inability to work.

■     Claimant argues that the authority to terminate TTD exists exclusively under ORS 656.268(3)[1] when ongoing

---

[1] ORS 656.268(3) provides:

payments are being made, and that ORS 656.262(4)[2] does not authorize employer to stop TTD payments under these circumstances. He asserts that, once claimant's entitlement to TTD is established, it continues until one of the three statutory events in ORS 656.268(3) occurs, none of which happened here. Claimant misconstrues ORS 656.262(4).

■ ■    Statutes that are part of the same act should be construed together to give effect to the legislature's intent and to give meaning to each provision of the act, if possible. *Davis v. Wasco IED*, 286 Or 261, 593 P2d 1152 (1979). ORS 656.268 provides for termination of TTD and claim closure. The only means for an employer to unilaterally "terminate" TTD is pursuant to ORS 656.268(3); the entitlement to those

---

"Temporary total disability benefits shall continue until whichever of the following events first occurs:

"(a) The worker returns to regular or modified employment;

"(b) The attending physician gives the worker a written release to return to regular employment; or

"(c) The attending physician gives the worker a written release to return to modified employment, such employment is offered in writing to the worker and the worker fails to begin such employment."

[2] ORS 656.262(4) provides:

"(a) The first installment of compensation shall be paid no later than the 14th day after the subject employer has notice or knowledge of the claim. Thereafter, compensation shall be paid at least once each two weeks, except where the director determines that payment in installments should be made at some other interval. The director may by rule convert monthly benefit schedules to weekly or other periodic schedules.

"(b) Temporary disability compensation is not due and payable for any period of time for which the insurer or self-insured employer has requested from the workers' attending physician verification of the worker's inability to work resulting from the claimed injury or disease and the physician cannot verify the worker's inability to work, unless the worker has been unable to receive treatment for reasons beyond the worker's control.

"(c) If a worker fails to appear at an appointment with the worker's attending physician, the insurer or self-insured employer shall notify the worker by certified mail that temporary disability benefits may be suspended after the worker fails to appear at a rescheduled appointment. If the worker fails to appear at a rescheduled appointment, the insurer or self-insured employer may suspend payment of temporary disability benefits to the worker until the worker appears at a subsequent rescheduled appointment.

"(d) If the insurer or self-insured employer has requested and failed to receive from the worker's attending physician verification of the worker's inability to work resulting from the claimed injury or disease, medical services provided by the attending physician are not compensable until the attending physician submits such verification."

benefits continues until the requirements of the statute are met. *See Northrup King & Co. v. Fisher*, 91 Or App 602, 757 P2d 855, *rev den* 307 Or 77 (1988) (construing an earlier version of ORS 656.268).

ORS 656.262(4)(a) contemplates that TTD benefits are being paid and describes when they are payable to a claimant. ORS 656.262(4)(b) provides that TTD is not "due and payable" when the attending physician is unable to verify the claimant's inability to work. In essence, it permits an insurer or self-insured employer to "suspend" the payment of TTD until such verification is obtained. However, the suspension of benefits pursuant to ORS 656.262(4)(b) does not terminate claimant's entitlement to TTD under ORS 656.268. To read ORS 656.262(4)(b) as claimant suggests would read it out of existence. We hold that the Board was correct when it held that TTD was not due and payable after November 5, 1990.

Affirmed.