Argued and submitted January 14, affirmed March 9, 1994

In the Matter of the Compensation of
Michael M. Taylor, Claimant.
SAIF CORPORATION
and Erickson & Son Construction, Inc.,
*Petitioners,*

*v.*

Michael M. TAYLOR,
*Respondent.*

(92-03396; CA A79368)

870 P2d 245

Michael O. Whitty, Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

John Hoadley argued the cause for respondent. On the brief was Gerald C. Doblie.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Employer seeks review of an order of the Workers' Compensation Board, contending that the Board erred in concluding that claimant was entitled to benefits for temporary total disability for the period during which he had no treating physician.

There is no dispute as to the facts. Claimant suffered a disabling lumbar strain on June 5, 1991, while working for employer. Employer initially denied the claim, but later accepted it by stipulation. The Board found that claimant was disabled from July 30, 1991, to November 1, 1991. SAIF does not challenge that finding. It contends, however, that for that period during which he had no attending physician and no attending physician authorized time loss, claimant is not entitled to benefits.

ORS 656.262(4)(b) provides that

"[t]emporary disability compensation is not due and payable for any period of time for which the insurer * * * has requested from the worker's attending physician verification of the worker's inability to work * * * and the physician cannot verify the worker's inability to work, unless the worker has been unable to receive treatment for reasons beyond the worker's control."

OAR 436-30-036(1) provides that

"a worker is entitled to an award of temporary disability for all periods of time during an open claim in which the attending physician or authorized medical service provider * * * has authorized temporary disability."

The Board held that both the statute and the administrative rule pertain only to the worker's procedural entitlement to temporary disability, and have no bearing on the substantive right to benefits, which is established by a preponderance of the evidence showing that the claimant was disabled due to the compensable injury. In other words, the Board reasoned that, although the insurer's obligation to make payment of benefits for temporary disability *on an open claim* does not begin without the attending physician's verification of an inability to work, when it is determined upon claim closure that the claimant was disabled during the time when the claim was open, the claimant's substantive right to benefits

for temporary disability accrues, and the claimant is entitled to benefits for the entire period of disability. We agree with that reasoning. As we held in *Sandoval v. Crystal Pine*, 118 Or App 640, 848 P2d 1224, *rev den* 317 Or 272 (1993), the suspension of benefits pursuant to ORS 656.262(4)(b) due to the absence of medical verification of an inability to work does not terminate the claimant's substantive entitlement to benefits. The benefits to which the claimant is substantively entitled become due and payable when the claim is closed. *Compare Silsby v. SAIF*, 39 Or App 555, 561, 592 P2d 1074 (1979).

Affirmed.