Argued and submitted November 23, 1993, affirmed April 20, petition for review
denied August 2, 1994 (319 Or 572)

In the Matter of the Compensation of
Nancy G. Brown, Claimant.

# UNITED AIRLINES, INC.
*Petitioner,*

*v.*

## Nancy G. BROWN,
*Respondent.*

(WCB 92-06488; CA A79445)

873 P2d 326

Jerald P. Keene argued the cause for petitioner. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C.

James S. Coon argued the cause for respondent. With him on the brief was Royce, Swanson, Thomas & Coon.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Employer seeks review of an order of the Workers' Compensation Board holding that employer could not discontinue claimant's temporary disability payments based on its denial of compensability. We affirm.

Claimant compensably injured her lower back. She also had degenerative disc disease in her lower spine. Employer accepted the lower back claim and began paying temporary disability. Several weeks later, employer issued a "denial of continuing compensability," and unilaterally stopped paying claimant temporary disability benefits, because it concluded that the preexisting disease was the major contributing cause of her disability. The Board found that employer's denial did not entitle it to discontinue temporary disability benefits on the claim. It also found that employer's action was unreasonable and assessed penalties against employer.

■ Employer's first assignment is that the Board erred in requiring it to continue paying temporary disability benefits after it issued a "procedurally valid compensability denial." Employer argues that ORS 656.005(7)(a)(B)[1] allowed it to deny the compensability of a previously accepted claim, because medical information indicated that claimant's preexisting disease was the major contributing cause of her disability. Employer contends that, after it denied the claim, ORS 656.262(2)[2] allowed it to discontinue claimant's temporary disability benefits. According to employer, that provision permits "insurers to defer payment of benefits on claims pending a worker's challenge of that denial and a hearing on the merits." Claimant argues that employer's denial did not

---

[1] ORS 656.005(7)(a)(B) provides:

"If a compensable injury combines with a preexisting disease or condition to cause or prolong disability or a need for treatment, the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment."

[2] ORS 656.262(2) provides:

"The compensation due under this chapter shall be paid periodically, promptly and directly to the person entitled thereto upon the employer's receiving notice or knowledge of a claim, except where the right to compensation is denied by the insurer or self-insured employer."

provide authority for employer to unilaterally stop paying temporary disability benefits.

We discussed whether an employer could unilaterally stop paying temporary disability benefits after denying the compensability of a claim in *Safstrom v. Riedel International*, 65 Or App 728, 672 P2d 392 (1983), *rev den* 297 Or 124 (1984). In *Safstrom*, the employer accepted a claim and began paying temporary disability benefits. Later, the employer issued a partial denial, claiming that the claimant's time loss was unrelated to his injury. We determined that denying an accepted claim "does not terminate the employer's obligation to pay temporary disability benefits" and held that the employer's denial was procedurally improper, because it did not comply with ORS 656.268.[3] 65 Or App at 732. *See also Roller v. Weyerhaeuser*, 67 Or App 583, 679 P2d 341, *mod* 68 Or App 743, 683 P2d 554, *rev den* 297 Or 124 (1984).

Employer argues that the enactment of ORS 656.005 (7)(a)(B) essentially reversed *Safstrom* and *Roller*, and gives an employer the procedural authority to deny and stop payment on an accepted claim, based on "changes in causation." It relies on the language in ORS 656.005(7)(a)(B), which provides that, if a

---

[3] At that time, ORS 656.268 provided, in part:

"(1) * * * Claims shall not be closed nor temporary disability compensation terminated if the worker's condition has not become medically stationary or if the worker is enrolled and actively engaged in an authorized program of vocational rehabilitation * * *.

"(2) When the injured worker's condition resulting from a disabling injury has become medically stationary, unless the injured worker is enrolled and actively engaged in an authorized program of vocational rehabilitation, the insurer or self-insured employer shall so notify the Evaluation Division, the worker, and employer, if any, and request the claim be examined and further compensation, if any, be determined. * * * If the attending physician has not approved the worker's return to the worker's regular employment, the insurer or self-insured employer must continue to make temporary total disability payments until termination of such payments is authorized following examination of the medical reports submitted to the Evaluation Division under this section.

"(3) When the medical reports indicate to the insurer or self-insured employer that the worker's condition has become medically stationary and the self-insured employer or the employer's insurer decides that the claim is nondisabling or is disabling but without permanent disability, the claim may be closed * * *."

ORS 656.268 was amended in 1987, 1990 and again in 1991. Or Laws 1987, ch 884, § 11; Or Laws 1990, ch 2, § 16; Or Laws 1991, ch 502, § 1.

compensable injury combines with a preexisting disease, "the resultant condition is compensable only to the extent the compensable injury is and remains the major contributing cause of the disability or need for treatment." That argument is without merit. ORS 656.005(7)(a)(B) provides a basis for determining a worker's substantive right to disability and medical benefits. *See SAIF v. Drews*, 318 Or 1, 860 P2d 254 (1993); *Tektronix, Inc. v. Nazari*, 120 Or App 590, 853 P2d 315, *rev den* 318 Or 27 (1993). Nothing in the text or context of ORS 656.005(7)(a)(B) suggests that the legislature intended that provision to provide an employer with the procedural authority to deny an accepted claim. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). If an employer concludes that the compensable injury is no longer the major contributing cause of the disability or need for treatment, the appropriate procedure is claim closure under ORS 656.268. Because we conclude that ORS 656.005(7)(a)(B) does not authorize the denial of an accepted claim, we need not discuss employer's arguments about ORS 656.262(2).

Since the 1990 amendments, we have continued to hold that, after an employer accepts a claim and in the absence of claim closure, termination of temporary disability benefits is procedurally proper *only* when one of the circumstances in ORS 656.268(3)[4] exists. *See, e.g., Sandoval v. Crystal Pine*, 118 Or App 640, 848 P2d 1224 (1993). Employer does not argue that any of those circumstances exist. Employer was not entitled unilaterally to terminate claimant's temporary disability benefits.

■ Employer next assigns error to the assessment of penalties against it for unreasonably terminating claimant's disability benefits. ORS 656.262(10). In light of ORS

---

[4] ORS 656.268(3) now provides:

"Temporary total disability benefits shall continue until whichever of the following events first occurs:

"(a) The worker returns to regular or modified employment;

"(b) The attending physician gives the worker a written release to return to regular employment; or

"(c) The attending physician gives the worker a written release to return to modified employment, such employment is offered in writing to the worker and the worker fails to begin such employment."

656.268(3), which provides the basis for termination of temporary disability benefits, we conclude that the Board did not err in imposing a penalty.

Affirmed.