Argued and submitted November 12, 1993, reversed and remanded June 8, 1994

## In the Matter of the Compensation of
## Ronald Cameron, Claimant.

## Ronald CAMERON,
### *Petitioner,*

*v.*

## NORCO CONTRACT SERVICE
### and Liberty Northwest Insurance Corporation,
### *Respondents.*

### (91-07681; CA A78915)

875 P2d 1196

Kevin Keaney argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy.

Conway McAllister argued the cause for respondents. On the brief was James D. McVittie.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

De Muniz, J., concurring.

## LEESON, J.

Claimant petitions for review of a Workers' Compensation Board order. He contends that the Board erred in concluding that claimant's benefits for temporary total disability (TTD) were not due and payable after July 16, 1990. He argues that he is entitled to TTD until December 24, 1990, the date his physician informed him that he was released for work. Both parties treat this as a termination case under ORS 656.262(4)(b). We reverse and remand.

Claimant compensably injured his right wrist on October 15, 1987. A subsequent injury to his left wrist was accepted as part of his right wrist claim. On July 16, 1990, claimant saw his treating physician, Dr. Bitseff. Bitseff did not tell claimant that he had released him for work on that date. On September 17, 1990, however, Bitseff reported to insurer that claimant was medically stationary and had been released for regular work on July 16. Bitseff next saw claimant on December 24, 1990, and gave claimant verbal authorization to return to work. He did not give claimant a written release.

A determination order closed claimant's claim on March 12, 1991, awarding him TTD through July 16, 1990. Claimant did not receive TTD after that date. The referee ordered that claimant be paid TTD through December 24, 1990, the date that he received verbal authorization to return to work. The Board concluded that claimant was entitled to TTD only until July 16, 1990.

Claimant contends that once statutory entitlement to TTD is established, it continues until one of the three events specified in ORS 656.268(3) occurs: (1) The worker returns to regular or modified work; (2) the treating physician provides the worker with a written release to return to regular work; or (3) the treating physician provides the worker with a written release to return to modified work, such work is offered in writing to the worker, and the worker fails to begin work. Claimant did not return to regular or modified work, and never received a written release from his physician.

Insurer argues that "an insurer may *also* unilaterally terminate temporary disability benefits under ORS

656.262(4)(b), when the treating physician can no longer verify a claimant's inability to work as a result of his injury." (Emphasis in original.)[1] Because TTD was not authorized by claimant's attending physician, insurer contends that claimant was not entitled to TTD after July 16, 1990.

The Board agreed with insurer. It held that ORS 656.262(4)(b) provides "a mechanism whereby an insurer or self-insured employer may unilaterally terminate a claimant's TTD when there is a continuing request for benefits and the insurer meets certain requirements."

In *Sandoval v. Crystal Pine*, 118 Or App 640, 643, 848 P2d 1224, *rev den* 317 Or 272 (1993), we held that the only means for an employer to unilaterally terminate TTD is pursuant to ORS 656.268(3). *See also United Airlines, Inc. v. Brown*, 127 Or App 253, 257, 873 P2d 326 (1994). Regarding the relationship between ORS 656.268(3) and ORS 656.262-(4), we said in *Sandoval*:

"ORS 656.262(4)(a) contemplates that TTD benefits are being paid and describes when they are payable to a claimant. ORS 656.262(4)(b) provides that TTD is not 'due and payable' when the attending physician is unable to verify the claimant's inability to work. In essence, it permits an insurer or self-insured employer to 'suspend' the payment of TTD until such verification is obtained. *However, the suspension of benefits pursuant to ORS 656.262(4)(b) does not terminate claimant's entitlement to TTD under ORS 656.268.*" 118 Or App at 644. (Emphasis supplied.)

The Board erred in holding that, under ORS 656.262(4), an insurer or self-insured employer may unilaterally terminate claimant's TTD.[2]

Reversed and remanded for award of temporary total disability benefits through December 24, 1990.

---

[1] ORS 656.262(4)(b) provides:

"Temporary disability compensation is not due and payable for any period of time for which the insurer or self-insured employer has requested from the worker's attending physician verification of the worker's inability to work resulting from the claimed injury or disease and the physician cannot verify the worker's inability to work, unless the worker has been unable to receive treatment for reasons beyond the worker's control."

[2] Claimant's other assignment of error is moot. *Ferguson v. U.S. Epperson Underwriting*, 127 Or App 478, 873 P2d 393 (1994).

**De MUNIZ, J.,** concurring.

I agree with the majority's result insofar as it holds that the Board erred in concluding that claimant was not entitled to TTD after July 16, 1990. I write separately, because I would analyze the issue somewhat differently than the majority does.

In *Sandoval v. Crystal Pine*, 118 Or App 640, 848 P2d 1224, *rev den* 317 Or 272 (1993), the employer, in October, 1990, requested that claimant's attending physician verify the claimant's continued inability to work. The attending physician's response, on November 5, 1990, did not verify the claimant's inability to work but, instead, suggested that the employer have claimant examined by another physician. The claimant was then examined by another physician who reported to the employer that the claimant was capable of returning to work. The employer stopped paying TTD as of December 18, 1990.

We held that the Board had correctly concluded that TTD was not due and payable after November 5, 1990, when the claimant's attending physician did not verify the claimant's continued inability to work. In discussing the relationship between ORS 656.268(3) and ORS 656.262(4), we said:

"ORS 656.268 provides for termination of TTD and claim closure. The only means for an employer to unilaterally 'terminate' TTD is pursuant to ORS 656.268(3); the entitlement to those benefits continues until the requirements of the statute are met. *See Northrup King & Co. v. Fisher*, 91 Or App 602, 757 P2d 855, *rev den* 307 Or 77 (1988) (construing an earlier version of ORS 656.268).

"ORS 656.262(4)(a) contemplates that TTD benefits are being paid and describes when they are payable to a claimant. ORS 656.262(4)(b) provides that TTD is not 'due and payable' when the attending physician is unable to verify the claimant's inability to work. In essence, it permits an insurer or self-insured employer to 'suspend' the payment of TTD until such verification is obtained. However, the suspension of benefits pursuant to ORS 656.262(4)(b) does not terminate claimant's entitlement to TTD under ORS 656.268. To read ORS 656.262(4)(b) as claimant suggests would read it out of existence. We hold that the Board was correct when it held that TTD was not due and payable after November 5, 1990." 118 Or App at 644.

Here, had the insurer "suspended" claimant's TTD payments following the receipt of Dr. Bitseff's report of September 17, 1990, I would hold that no TTD was "due and payable" after that date. However, the reality of this case is that the insurer never invoked the provisions of ORS 656.262(4) to "suspend" claimant's TTD benefits. Therefore, I would hold that, because the insurer never "suspended" benefits pursuant to ORS 656.262(b)(4), the statute has no application here, and that claimant's right to TTD continued until one of the provisions of ORS 656.268(3) was met. That occurred when claimant returned to work after December 24, 1990.