Argued and submitted May 2, affirmed July 20, 1994

In the Matter of the Compensation of
William R. Johnson, Claimant.

William R. JOHNSON,
*Petitioner,*

*v.*

RSG FOREST PRODUCTS
and SAIF Corporation,
*Respondents.*

(92-13505; CA A82001)

878 P2d 449

Edward J. Harri argued the cause for petitioner. With him on the brief was Malagon, Moore, Johnson, Jensen & Correll.

Steve Cotton, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Claimant seeks review of an order of the Workers' Compensation Board denying recovery of temporary total disability benefits for the period during which claimant was incarcerated under a judgment of criminal conviction that was subsequently vacated as void. We affirm.

Claimant suffered compensable bilateral carpal tunnel syndrome in 1988. In August 1990, claimant's attending physician requested authorization to perform surgery on claimant's wrists. However, before the carrier, SAIF Corporation, could act on that request, claimant was convicted of a crime and imprisoned in the Oregon State Penitentiary on October 29, 1990. SAIF subsequently approved the requested surgeries, which were performed in early 1992, while claimant was still in prison. On August 21, 1992, the Marion County Circuit Court vacated claimant's criminal conviction, and he was released from custody on August 28, 1992. On September 29, 1992, claimant's attending physician declared his wrist condition to be medically stationary.

SAIF paid claimant temporary total disability benefits from the date of his request for surgery to the date of his incarceration (June 14, 1990 to October 29, 1990) and from the date of his release through the date his condition was medically stationary (August 29, 1992 to September 29, 1992). However, SAIF refused to pay such benefits for the period of claimant's incarceration (October 29, 1990 through August 28, 1992). Claimant requested a hearing, arguing that because his conviction was ultimately vacated, he was entitled to temporary total disability benefits for the period of his incarceration. The referee, relying on ORS 656.160(1), rejected that argument, and the Board affirmed.

ORS 656.160 provides:

"(1) Notwithstanding any other provision of this chapter, an injured worker is not eligible to receive compensation under ORS 656.210 or 656.212 for periods of time during which the worker is *incarcerated for the commission of a crime.*

"(2)  As used in this section, an individual is not 'incarcerated' if the individual is on parole or work release status." (Emphasis supplied.)[1]

The only issue before us is whether the emphasized language encompasses incarceration pursuant to a judgment of criminal conviction that is later vacated as void. The statutory construction "template" of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), defines our analysis.

We begin with the text of ORS 656.160(1). "[I]ncarcerated for the commission of a crime" is reasonably susceptible to at least two readings, one general and one specific. That language could, as SAIF argues, refer broadly to any criminal incarceration, including incarceration for the alleged commission of a crime, as opposed to various species of "civil incarceration" (*e.g.*, civil commitment). Conversely, that language could, as claimant argues, refer only to incarceration for the *actual* commission of a crime.

Statutory context is more revealing. ORS 656.160(1) must be construed with particular reference to ORS 656.160(2), which excepts from the definition of "incarcerated" persons those who are on parole or work release status. In tandem, ORS 656.160(1) and (2) most plausibly express a legislative policy that only those persons who are available to participate in the work force are eligible for temporary disability benefits. This contextual construction accords with the fundamental "wage-replacement" function of temporary partial disability and temporary total disability benefits. *See*

---

[1] ORS 656.210(1), pertaining to temporary total disability benefits, provides, in part:

"When the total disability is only temporary, the worker shall receive during the period of that total disability compensation equal to 66-2/3 percent of wages, but not more than 100 percent of the average weekly wage nor less than the amount of 90 percent of wages a week or the amount of $50 a week, whichever amount is lesser."

ORS 656.212, pertaining to temporary partial disability benefits, provides:

"When the disability is or becomes partial only and is temporary in character, the worker shall receive for a period not exceeding two years that proportion of the payments provided for temporary total disability which the loss of earning power at any kind of work bears to the earning power existing at the time of the occurrence of the injury."

ORS 656.210; ORS 656.212; *Cutright v. Weyerhaeuser Co.*, 299 Or 290, 298, 702 P2d 403 (1985).

Thus, offenders on parole and work release who are eligible to work and earn wages can receive temporary disability benefits. Other persons incarcerated in the criminal system cannot. Guilt or innocence is immaterial; the only consideration is work force availability.[2]

Our consideration of the interplay between ORS 656.160(1) and (2), while useful, is not conclusive. We note, particularly, that ORS chapter 656 includes no equivalent to ORS 656.160 for noncriminal incarcerations. This, in turn, raises some doubt about whether ORS 656.160 embodies the neutral "work force availability" policy posited above or, in fact, expresses a penal policy under which denial of benefits is a function of actual criminal culpability.

Because the legislature's intent is not clear from the text and context of ORS 656.160, we proceed to legislative history. ORS 656.160 was enacted in 1990 in response to *Forshee & Langley Logging v. Peckham*, 100 Or App 717, 788 P2d 487, *rev dismissed* 310 Or 122 (1990), in which we held that a workers' compensation claimant was entitled to continue receiving temporary total disability benefits during the period of his criminal incarceration.[3] During a meeting of the Special Joint Committee on Workers' Compensation, the following colloquy between Representative Kevin Mannix and Ed Redman of the Governor's Workers' Compensation Labor Management Advisory Committee occurred:

> *Representative Mannix*: "In regard to incarceration in section 50, you say an individual is not, well, he's not going to get time loss during the time that you're [*sic*] incarcerated for

---

[2] Claimant's position that ORS 656.160(1) is preoccupied with actual commission of crimes presumes that the statutory restriction of benefits is punitive. ORS 656.160(2)'s exclusion of criminal offenders on probation or work release status is arguably inconsistent with such a penal purpose.

[3] In deciding *Forshee & Langley Logging v. Peckham, supra,* we noted the absence of controlling legislation:

> "It is the legislature's province to restrict the ability of incarcerated individuals to collect workers' compensation and, in some situations, it has done so. *See* ORS 655.515 [limiting compensation benefits available to inmates injured in authorized employment while committed to the custody of the Department of Corrections]. We decline employer's suggestion that we create additional exceptions that have no basis in the statute." 100 Or App at 721.

the commission of a crime. Do you mean for a conviction of a crime?"

*Mr. Redman*: "No."

*Representative Mannix*: "Or commission?"

*Mr. Redman*: "We mean for commission of a crime, not conviction."

*Representative Mannix*: "So even pretrial detention when there hasn't been a conviction?"

*Mr. Redman*: "Yes. Our thinking in this area is *time loss is to replace salary and income*, and if a person is in jail and they're being held for trial or whatever, they are unable to work, and they are unable to work because of their time in jail. They should not be paid time loss for that period." Tape recording, Interim Special Committee on Workers' Compensation (SB 1197), May 3, 1990, Tape 4, Side A at 194. (Emphasis supplied.)

That discussion confirms what the statutory context implies. The legislature's intent in enacting ORS 656.160(1) was to deny temporary disability benefits to anyone who has been excluded from the work force by incarceration relating to a criminal proceeding.[4]

Claimant was so excluded. Consequently, although his conviction was ultimately vacated, claimant was "incarcerated" for purposes of ORS 656.160(1) and was not entitled to temporary total disability benefits for the period of his imprisonment.[5]

Affirmed.

---

[4] Consistent with the legislative history, the Workers' Compensation Division has promulgated a rule defining "incarceration" as including both "pretrial detention" and "imprison[ment] following conviction for a crime." OAR 436-60-045(1)(a)(A), (B).

[5] Claimant argues that this result subverts the fundamental remedial purposes of the workers' compensation laws by denying benefits to the dependents of "wrongfully incarcerated" claimants. However, the same could be said of the dependents of "rightfully incarcerated" claimants; both groups are comprised of innocent third parties, who would presumably benefit from the receipt of "wage replacement" compensation.