Argued and submitted August 31, the decision of the Court of Appeals affirmed
September 24, reconsideration denied October 27, 1992

James L. EDMUNSON,
*Petitioner on Review,*

*v.*

DEPARTMENT OF
INSURANCE AND FINANCE,
*Respondent on Review.*

(CA A67544; SC S38858)

838 P2d 589

Kevin N. Keaney, of Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, argued the cause and filed the petition for petitioner on review.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause and filed the response for respondent on review. With him on the response were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

GILLETTE, J.

## GILLETTE, J.

This is a proceeding under ORS 183.400[1] to determine the validity of two temporary rules adopted by the Workers' Compensation Division of the Department of Insurance and Finance (the Department). The Court of Appeals held that the challenged rule had been superseded by a later rule, and so declared the proceeding moot and dismissed it. We allowed review and now affirm the decision of the Court of Appeals.

The temporary rules challenged in this proceeding concerned disability rating standards for workers' compensation claims and were compiled in Oregon Administrative Rules (OAR) chapter 436, division 35. They were adopted as "emergency" provisions[2] in two 1990 administrative orders

---

[1] ORS 183.400 provides in part:

"(1) The validity of any rule may be determined upon a petition by any person to the Court of Appeals in the manner provided for review of orders in contested cases. The court shall have jurisdiction to review the validity of the rule whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, but not when the petitioner is a party to an order or a contested case in which the validity of the rule may be determined by a court.

"* * * * *

"(4) The court shall declare the rule invalid only if it finds that the rule:

"(a) Violates constitutional provisions;

"(b) Exceeds the statutory authority of the agency; or

"(c) Was adopted without compliance with applicable rulemaking procedures."

[2] Agency rules generally can be adopted only after notice and a right to be heard have been given to the general public. ORS 183.335(1) to (4). However, agencies are authorized to adopt temporary rules under certain circumstances:

"(5) Notwithstanding subsections (1) to (4) of this section, an agency may adopt, amend or suspend a rule without prior notice or hearing or upon any abbreviated notice and hearing that it finds practicable, if the agency prepares:

"(a) A statement of its findings that its failure to act promptly will result in serious prejudice to the public interest or the interest of the parties concerned and the specific reasons for its findings of prejudice;

"(b) A citation of the statutory or other legal authority relied upon and bearing upon the promulgation of the rule;

"(c) A statement of the need for the rule and a statement of how the rule is intended to meet the need; and

"(d) A list of the principal documents, reports or studies, if any, prepared by or relied upon by the agency in considering the need for and in preparing the rule, and a statement of the location at which those documents are available for public inspection.

294 of the Workers' Compensation Division of the Department

of the Workers' Compensation Division of the Department and designated Administrative Orders (AOs) 15-1990 and 20-1990. AO 15-1990 was adopted September 14, 1990, and became effective October 1, 1990. AO 20-1990 was adopted November 20, 1990, and became effective immediately. Petitioner commenced the present proceeding on December 3, 1990. Petitioner claims that the Department, in adopting the temporary rules, failed to comply with the requirements of ORS 183.335(5)(a), (b), and (c), set out in note 2, *supra*.

By operation of law (ORS 183.335(6)(a)), both temporary rules had expired by May 19, 1991. Before either had expired, however, the Department adopted permanent rules, pursuant to ORS 183.335(1) to (4), including the following provisions (OAR 436-35-003(1) and (2)):

"(1)   These rules apply to the rating of permanent disability pursuant to [ORS] chapter 656 and shall be applied to all claims closed on or after April 1, 1991, for workers medically stationary after July 1, 1990. For workers medically stationary prior to July 1, 1990, Administrative Order 6-1988 shall apply to the rating of permanent disability.

"(2)   For claims in which the worker was medically stationary after July 1, 1990, the Appellate Unit *shall apply the disability rating standards in effect on the date of issuance of the Determination Order or Notice of Closure.*"

(Emphasis added.)

The Department moved to dismiss petitioner's rule challenge under ORS 183.400, arguing that, by its terms, the foregoing emphasized portion of the permanent rule independently dictates what rules shall apply to any claim that previously would have been governed by the temporary rules. Thus, the Department argued, the prior temporary rules had no continuing effect of their own, and any challenge to them

---

"(6)(a)  A rule adopted, amended or suspended under subsection (5) of this section is temporary and may be effective for a period of not longer than 180 days. The adoption of a rule under this subsection does not preclude the subsequent adoption of an identical rule under subsections (1) to (4) of this section.

"(b)  A rule temporarily suspended shall regain effectiveness upon expiration of the temporary period of suspension unless the rule is repealed under subsections (1) to (4) of this section."

ORS 183.335(5) and (6).

was moot. The Court of Appeals agreed and dismissed the proceeding.

Before this court, petitioner presents the following argument: (1) The permanent rules purport to direct application of the same substantive legal standards that previously were made applicable to claims under the temporary rules — that is the meaning and consequence of the use of the phrase "in effect" in permanent OAR 436-35-003(2). (2) But those temporary rules *never were "in effect,"* because they were not validly adopted. (3) Thus, a challenge to the temporary rules has continuing validity to the extent that the outcome of the challenge will determine what set of rules is cross-referenced by the pivotal phrase in OAR 436-35-003(2).

That argument demonstrates its own error. Whatever is cross-referenced by the phrase, "in effect," in OAR 436-35-003(2), *it is that cross-reference in the present rule that establishes the applicable law.* That is, *all* claims are governed by the *present permanent rule,* not the former temporary ones. If there is an invalid or indeterminate cross-reference in the present rule, that is a problem with the present rule, not with any past rules. *See Mid-County Future Alternatives v. City of Portland,* 310 Or 152, 795 P2d 541 (1990) (challenge to municipal annexations was made on the ground that the annexations were invalid because the statutory scheme under which they were carried out was unconstitutional; challenge rendered void because legislature later and independently enacted same annexations).

The former temporary rules have now passed out of existence, and no one presently purports to be acting pursuant to any power originating in them. A challenge to those temporary rules is, therefore, moot. *See Hay v. Dept. of Transportation,* 301 Or 129, 719 P2d 860 (1986) (challenge to a rule that since had expired made challenge moot). The Court of Appeals was correct in so ruling.

The decision of the Court of Appeals is affirmed.