Argued and submitted July 2, 1993, affirmed April 20, 1994

In the Matter of the Compensation of
Eileen N. Ferguson, Claimant.

Eileen N. FERGUSON,
*Petitioner,*

*v.*

U.S. EPPERSON UNDERWRITING
and Universal Underwriter Ins.,
*Respondents.*

(91-08692; CA A77177)

873 P2d 393

Kevin Keaney argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy.

Richard Pearce argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Claimant seeks review of a Workers' Compensation Board order awarding her unscheduled permanent partial disability (PPD) benefits. She argues that the Board rated her disability under invalid temporary rules concerning disability rating standards, and that the Board erred in finding that it lacked authority to determine the validity of those rules. We do not reach the merits of claimant's challenge. We hold, instead, that her challenge to the temporary rules is moot and affirm on that basis.

In October and November of 1990, the Department of Insurance and Finance (DIF) adopted temporary rules concerning disability rating standards, which took effect immediately. By operation of law, the temporary rules were scheduled to expire on May 19, 1991. ORS 183.335(6)(a). Two months before that date, however, DIF adopted permanent rules concerning disability rating standards, which include the following provisions (OAR 436-35-003(1) and (2)):

"(1)   These rules apply to the rating of permanent disability pursuant to [ORS] chapter 656 and shall be applied to all claims closed on or after April 1, 1991, for workers medically stationary after July 1, 1990. For workers medically stationary prior to July 1, 1990, Administrative Order 6-1988 shall apply to the rating of permanent disability.

"(2)   For claims in which the worker was medically stationary after July 1, 1990, the Appellate Unit shall apply the disability rating standards in effect on the date of issuance of the Determination Order or Notice of Closure."

Claimant compensably injured her lower back and legs on March 7, 1990. By a Determination Order dated December 12, 1990, her claim was closed, and she received an award of 17 percent unscheduled PPD. An Order on Reconsideration dated June 21, 1991, increased the award of unscheduled PPD to 21 percent, in accordance with the temporary rules. Claimant requested a hearing, at which she challenged the validity of the temporary rules. In an opinion and order dated October 28, 1991, the referee held that he was obligated to apply the disability standards in effect at the time the claim was closed by Determination Order which, in this case, were the temporary rules. He held that he lacked authority to declare those rules invalid. Accordingly, he

applied them and arrived at an award of 25 percent unscheduled PPD. The Workers' Compensation Board affirmed, finding that it lacked authority to consider the validity of the temporary rules. On review, claimant's sole assignment of error is that the Board does have authority to rule on the validity of the temporary rules.

In *Edmunson v. Dept. of Ins. and Finance*, 314 Or 291, 838 P2d 589 (1992), the petitioner challenged the validity of the same temporary rules under ORS 183.400. He argued that, although the temporary rules had expired, the permanent rules still incorporated them by reference, and that reference to the temporary rules rendered them amenable to challenge. The court rejected the petitioner's argument and held that his challenge to the temporary rules was moot. The court observed that, although the permanent rules referenced the expired temporary rules,

"*it is that cross-reference in the present rule that establishes the applicable law*. That is, *all* claims are governed by the *present permanent rule*, not the former temporary ones. If there is an invalid or indeterminate cross-reference in the present rule, that is a problem with the present rule, not with any past rules.

"The former temporary rules have now passed out of existence, and no one presently purports to be acting pursuant to any power originating in them. A challenge to those temporary rules is, therefore, moot." 314 Or at 295. (Emphasis in original; citations omitted.)

In this case, the Board's rules required the application of the disability rating standards in effect at the time the Order on Reconsideration was issued. OAR 438-10-010(2).[1] By that date, June 21, 1991, the temporary rules had expired, and the permanent rules were in effect. Those permanent rules required the application of what had been the temporary rules to claimant's case. Accordingly, as in *Edmunson*, no one acted pursuant to any power originating in the temporary rules. Those rules had passed out of existence. The Board and

---

[1] OAR 438-10-010(2) provides:

"For claims in which the claimant was medically stationary after July 1, 1990, the disability rating standards in effect on the date of issuance of the reconsideration order shall be applied at hearing and on review of the reconsideration."

the referee applied the temporary rules only insofar as they had been incorporated by the permanent rules. The case, therefore, is governed by the permanent rules, the validity of which claimant does not challenge. Claimant's sole challenge is directed at the temporary rules, which no longer exist. Her challenge to those rules is moot, and she asserts no other basis for reversing the Board's order.

Affirmed.