Argued and submitted November 17, 1994, reversed and remanded for reconsideration January 25, 1995

In the Matter of the Compensation of
Rosa V. Watson, Claimant.

## TEKTRONIX, INC.,
*Petitioner,*

*v.*

## Rosa V. WATSON,
*Respondent.*

(93-04131; CA A83650)

888 P2d 1094

Deborah L. Sather argued the cause for petitioner. With her on the brief was Stoel Rives Boley Jones & Grey.

Robert E. Martin argued the cause and filed the brief for respondent.

Before Richardson, Chief Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

---

* Richardson, C. J., *vice* Rossman, P. J., retired.

## De MUNIZ, J.

Employer seeks review of an order of the Workers' Compensation Board. It contends that the Board erred both in failing to give weight to the attending physician's reports for purposes of rating claimant's permanent impairment and in refusing to consider the diagnostic reports of a consulting physician and an independent medical examiner. We reverse and remand for reconsideration.

Claimant has a compensable claim for carpal tunnel syndrome. She was treated with surgery in January and March, 1992. Her attending physician, Dr. Wilson, examined her on July 8, 1992, and noted in his charts that she appeared to be medically stationary "with no significant permanent impairment." On July 29, 1992, the claim was closed by a notice of closure, with no award for permanent partial disability.

Claimant sought reconsideration. Dr. Gritzka was appointed as a medical arbiter. He examined claimant and reported, on February 9, 1993, that she had a 39 percent loss of use or function in her right forearm. The order on reconsideration was issued on March 8, 1993, awarding claimant 39 percent permanent partial disability.

Employer requested a hearing, offering reports of Wilson, claimant's attending physician, Dr. Brown, a consulting physician, and Dr. Button, an independent medical examiner, in support of its view that claimant suffers from no permanent impairment.

We have held that, pursuant to ORS 656.245-(3)(b)(B),[1] with the exception of a medical arbiter appointed pursuant to ORS 656.268(7),[2] only the attending physician at

---

[1] ORS 656.245(3)(b)(B) provides:

"Except as otherwise provided in this chapter, *only the attending physician at the time of claim closure may make findings regarding the worker's impairment for the purpose of evaluating the worker's disability.*" (Emphasis supplied.)

[2] ORS 656.268(7) provides:

"The findings of the medical arbiter or panel of medical arbiters shall be submitted to the department for reconsideration of the determination order or notice of closure, and no subsequent medical evidence of the worker's impairment is admissible before the department, the board or the courts for purposes of making findings of impairment on the claim closure."

the time of claim closure may make findings concerning a worker's impairment. *Koitzsch v. Liberty Northwest Ins. Corp.*, 125 Or App 666, 670, 866 P2d 514 (1994). Reports of independent medical examiners are not admissible for the purpose of rating impairment unless those findings are ratified by the claimant's attending physician. *See* OAR 436-35-007(8).[3]

■   When a medical arbiter is appointed, the findings of the arbiter are considered by the department on reconsideration. No subsequent medical evidence is admissible for the purpose of rating the claimant's impairment. ORS 656.268(7). Thus, the record correctly before the referee, the Board and the court in this case includes the reports that claimant's attending physician issued before the medical arbiter's report, the medical arbiter's report, and any report related to impairment that is ratified by the attending physician before the medical arbiter's report.

In affirming the referee, the Board held that, because neither Brown nor Button was claimant's attending physician and there is no indication that Wilson ratified their reports, the reports are not admissible for purposes of rating claimant's impairment. ORS 656.245(3)(b)(B); OAR 436-35-007(8). The Board found that Wilson had "never performed a closing examination nor authored/ratified a report regarding claimant's impairment findings." Thus, although the Board held that Wilson's reports, which had been made before the medical arbiter's report, were admissible for the purpose of rating claimant's impairment, it concluded, based on the medical arbiter's report, that claimant's permanent impairment is 39 percent.

■   We agree with the Board that the report of Button's independent medical examination, which was written after the medical arbiter's report, is not admissible either to rate claimant's impairment or to impeach the medical arbiter's impairment rating. ORS 656.268(7).

---

[3] OAR 436-35-007(8) provides:

"Impairment findings made by a consulting physician or other medical providers (e.g., occupational or physical therapists) at the time of claim closure may be used to determine impairment if the worker's attending physician concurs with the findings as prescribed in OAR 436-10-080."

██ We conclude, however, that the Board erred when it found that Wilson did not ratify findings contained in Brown's report. In his chart note of January 4, 1993, Wilson referred expressly to Brown's report, incorporating Brown's findings. Accordingly, Brown's findings are admissible for purposes of evaluating claimant's impairment.

The only remaining contention is that the Board erroneously "ignored" Wilson's reports for the purpose of rating claimant's impairment. We do not accept that characterization of the Board's action. The Board held, expressly, that Wilson's reports were admissible for purposes of rating impairment. It found, however, that Wilson had never purported to rate claimant's impairment. In his chart note of July 6, 1992, Wilson had expressly noted that claimant had no significant permanent impairment. In a note of January 4, 1993, Wilson said:

> "I believe she is stationary and stable with full range of motion. There is no impairment with regard to the median nerves at this point. The ulnar nerve represents objectively 5% impairment at the right hand."

The Board erred in finding that Wilson's report did not rate claimant's impairment.

Reversed and remanded for reconsideration.