Argued and submitted December 8, 1995, reversed and remanded July 31, 1996

In the Matter of the Compensation of
Arthur D. Simon, Claimant.

Arthur D. SIMON,
*Petitioner,*

*v.*

PIE NATIONWIDE, INC.,
and SAIF Corporation,
*Respondents.*

(91-12398; CA A79303)

921 P2d 421

Richard A. Sly argued the cause and filed the brief for petitioner.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

Claimant seeks review of an order of the Workers' Compensation Board (Board) denying him an award for permanent partial disability. We reverse and remand.

Claimant filed a claim for a work-related hernia, which SAIF accepted. After surgery, the attending physician, Dr. Mollerus, found no permanent impairment, and SAIF issued a Determination Order awarding time loss only. However, an independent physician, Dr. Mayer, concluded that claimant had "some permanent impairment" and "is going to be very susceptible to injuries in the future and that he should not return to heavy lifting[.]" On reconsideration, the Department of Insurance and Finance[1] (DIF) ordered an examination by a medical arbiter, Dr. Howell. Claimant did not appear for his scheduled examination. Based on a review of the records, Howell found that claimant suffered from a permanent impairment of up to five percent based on removal of the "left inguinal nerve," a condition the arbiter considered unlikely to effect claimant's "ranges of motion." In its Order on Reconsideration, DIF affirmed SAIF's denial of permanent partial disability but did not conduct a substantive review.[2]

Claimant then sought a hearing. The administrative law judge (ALJ) invalidated the temporary rules that set out standards for rating claims of permanent impairment and found that claimant was permanently partially disabled. The Board reversed, reasoning that the Hearings Division had no authority to invalidate DIF's rules. Applying the standard in those rules, the Board held that the arbiter's findings did not allow an award of partial permanent disability, and concluded that

> "claimant has failed to establish a chronic condition or any other permanent impairment on the basis of medical evidence supported by objective findings."

---

[1] The Department of Insurance and Finance is now called the Department of Consumer and Business Services.

[2] DIF was unable to complete a substantive review within the time limits of the injunction issued in *Benzinger v. Oregon Dept. of Ins. and Finance*, 107 Or App 449, 812 P2d 36 (1991).

■■ On review, claimant first contends that the Board's conclusion is inconsistent with its findings of fact. Specifically, claimant points out that the Board adopted the ALJ's findings, and the ALJ found, among other things, that claimant

> "has a permanent impairment due to his compensable hernia and surgeries. * * * As a result of his compensable injuries, the claimant is susceptible to reinjury in the future and should avoid heavy lifting, pulling and pushing. * * * Claimant's compensable hernias have resulted in a chronic condition limiting his ability to repetitively lift, push and pull[.]"

The only basis for those findings is the independent examination by Mayer. The Board correctly noted, however, that only the attending physician or a medical arbiter may make impairment findings. ORS 656.245(3)(b)(B);[3] ORS 656.268(7);[4] *Tektronix, Inc. v. Watson*, 132 Or App 483, 485-86, 888 P2d 1094 (1995). Mayer was neither. Furthermore, neither the findings of Mollerus, the attending physician, nor those of Howell, the medical arbiter, support that part of the ALJ's findings.[5] We conclude, therefore, that the Board implicitly rejected Mayer's medical opinion, and thus also rejected the ALJ's findings based on that opinion.

■ Claimant next assigns error to the Board's application of DIF's standards under the temporary rules, which claimant challenges as improperly adopted. In *Ferguson v. U.S. Epperson Underwriting*, 127 Or App 478, 873 P2d 393, *rev allowed* 320 Or 325 (1994), *rev dismissed* 321 Or 97

---

[3] ORS 656.245(3)(b)(B) provides, in part:

> "Except as otherwise provided in this chapter, only the attending physician at the time of claim closure may make findings regarding the worker's impairment for the purpose of evaluating the worker's disability."

A 1995 amendment renumbered subsection (3) as subsection (2), but made no substantive changes.

[4] ORS 656.268(7) allows referral of a claim to a medical arbiter when the parties disagree with the impairment used in the rating of the worker's disability.

[5] As the Board noted, the attending physician found no permanent impairment, and did not concur in Mayer's findings. Reports of independent medical examiners are inadmissible for the purpose of rating impairment unless the attending physician ratifies those findings. *Tektronix*, 125 Or App at 486; OAR 436-35-007(8). Although the arbiter found permanent partial impairment, he believed that it would not likely affect claimant's "ranges of motion."

(1995), we rejected a challenge to these same rules as moot because they were incorporated into permanent rules that were in effect on June 21, 1991, the date the Order on Reconsideration was issued. *Id.* at 480-81. Because the temporary rules were applied "only insofar as they had been incorporated by the permanent rules," which the claimant did not challenge, we held the claimant's challenge to the temporary rules moot. *Id.* at 482; *see also Jackson v. Tuality Community Hospital*, 132 Or App 182, 187, 888 P2d 35 (1994), *rev den* 321 Or 246 (1995) (following *Ferguson*). Here, DIF issued its Order on Reconsideration August 30, 1991, after it had adopted the permanent rules. Therefore, as in *Ferguson*, claimant's challenge to the temporary rules is moot.

■     Claimant next argues that, even under the temporary rules, the Board erred in holding that the medical arbiter's finding of permanent impairment did not allow an award of permanent partial disability. *Former* OAR 436-35-320, the temporary standard on which the Board relied, provided, in part:

> "(5) A worker may be entitled to unscheduled chronic condition impairment where a preponderance of medical opinion establishes that the worker is unable to repetitively use a body area due to a chronic and permanent medical condition."

Claimant contends that a preponderance of medical opinion established that "claimant had a permanent impairment due to his hernia and surgeries which made him susceptible to reinjury such that he should avoid heavy lifting, pulling or pushing[.]" However, as discussed above, the Board properly rejected that portion of the ALJ's findings as based on the independent medical examination by Mayer. Although the arbiter, Howell, found permanent partial impairment, he believed it would not likely affect claimant's "ranges of motion." The arbiter's finding therefore fails to demonstrate that claimant is "unable to repetitively use a body area due to a chronic and permanent medical condition," as required by *former* OAR 436-35-320(5). Accordingly, the Board correctly concluded that the temporary standards did not allow an award for permanent impairment based on the arbiter's finding.

■    Claimant next assigns error to the Board's conclusion that it had no authority to remand to DIF for adoption of a temporary rule amending the standards to accommodate claimant's impairment. SAIF concedes error under *Gallino v. Courtesy Pontiac-Buick-GMC*, 124 Or App 538, 863 P2d 530 (1993) (holding that Board can, and must, remand to department for adoption of temporary rules accommodating worker's impairment when disability not addressed by existing standards). We accept that concession.

SAIF contends, however, that the error is harmless, because the arbiter's finding of physical impairment is unsupported by proper medical evidence. A compensable injury must be "established by medical evidence supported by objective findings." ORS 656.005(7)(a). ORS 656.005(19) provides:

> " 'Objective findings' in support of medical evidence are verifiable indications of injury or disease that may include, but are not limited to, range of motion, atrophy, muscle strength and palpable muscle spasm. 'Objective findings' does not include physical findings or subjective responses to physical examinations that are not reproducible, measurable or observable."

According to SAIF, that language "contemplates that a predicate to the existence of objective findings is a physical examination." The only medical evidence in the record indicating a permanent impairment, SAIF points out, is from the arbiter. However, claimant did not appear for his physical examination with the arbiter, who based his finding of permanent impairment on an examination of the medical records. The arbiter's conclusion, SAIF contends, therefore does not qualify as "medical evidence supported by objective findings."

ORS 656.005(19) was amended by Oregon Laws 1995, chapter 332. Because the amended version of the statute is applicable,[6] it is for the Board in the first instance to

---

[6] The amendment to ORS 656.005(19) applies to all claims existing or arising on or after June 7, 1995, the amendment's effective date. Or Laws 1995, ch 332, §§ 1, 66(1), 69. Because the claim here existed on that date, the amendment applies.

address that argument. We reverse and remand for reconsideration in the light of the new law. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996).

Reversed and remanded.