Submitted on briefs and record April 23, OAR 299-010-0000 held invalid; otherwise rules held valid June 18, 1997

PHILIP W. McCLURE,
*Petitioner,*

*v.*

PRISON INDUSTRIES BOARD,
*Respondent.*

(CA A93846)

941 P2d 1023

Philip W. McClure filed the brief *pro se.*

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Christine Chute, Assistant Attorney General, filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Petitioner, an inmate at the Oregon State Penitentiary, challenges the validity of temporary and permanent rules adopted by the Prison Industries Board (Board). ORS 183.400. The Board is the agency charged with administering and implementing Ballot Measure 17 (1994), codified in ORS 421.305 to ORS 421.470, governing inmate work programs. Pursuant to ORS 183.310, the Board has the responsibility and authority to adopt administrative rules and is also required to adopt rules of procedure to be used in the adoption of rules. ORS 183.341(2). Petitioner challenges four sets of administrative rules, contending that each is invalid because the Board failed to have its procedural rules in place when it adopted some of the rules and because the Board failed to provide adequate notice to inmates with regard to any of the rules. We review petitioner's challenge pursuant to ORS 183.400(4), and may invalidate a rule only if it exceeds the authority of the agency or was adopted without substantial compliance with applicable rulemaking procedures. ORS 183.335(5).

The parties' briefs accurately state the facts: On October 13, 1995, the Board filed with the Secretary of State a Notice of Proposed Rulemaking with regard to rules "establishing the organizational structure of the Prison Industries Board, procedures for conduct of Board meetings and Board policy for taking action on agenda items." The Secretary of State published a Notice of the Proposed Rulemaking in the Oregon Bulletin on November 1, 1995, summarizing the proposed rules, identifying the rules coordinator for the Board and providing the Board's address and telephone number. On December 8, 1995, the Board filed those rules as permanent rules with the Secretary of State. The rules were numbered OAR 299-010-0000 and OAR 299-010-0010. The Secretary of State published a notice of the adoption of the permanent rules in the January 1996 Oregon Bulletin.

On December 1, 1995, the Board filed with the Secretary of State a Notice of Proposed Rulemaking with regard to rules establishing "the procedures for giving adequate public notice when the Prison Industries Board proposes a new

rule, amending or renumbering an existing rule." The proposed rules listed organizations the Board intended to notify of future rule adoptions, adopted the Attorney General's Model Rules on rulemaking, and notified interested persons how to get their names on the Board's mailing list for rulemaking information. The Secretary of State published notice of the proposed rulemaking in the January 1996 Oregon Bulletin, summarizing the proposed rules, identifying the rules coordinator for the Board and providing the Board's address and telephone number. The Board filed its permanent procedural rules on March 20, 1996, numbered OAR 299-001-0010, OAR 299-001-0020 and OAR 299-001-0030. The Secretary of State published notice of the adoption of the permanent rules in the Oregon Bulletin on May 1, 1996.

On February 13, 1996, the Board filed with the Secretary of State's Office a set of four temporary rules to be effective February 13, 1996, through August 11, 1996. Three of the temporary rules relate to the Board's advisory committee, OAR 299-010-0020; OAR 299-010-0030 and OAR 299-010-0040. The fourth temporary rule amended OAR 299-010-0010, a structural rule relating to the Board's agendas.

On March 15, 1996, the Board filed a Notice of Proposed Rulemaking with the Secretary of State proposing to adopt permanently the temporary rules filed February 13, 1996. The Secretary of State published the Notice of Proposed Rulemaking in the Oregon Bulletin on April 1, 1996. On June 28, 1996, the Board filed those rules with the Secretary of State's Office to become effective on June 28, 1996. The Secretary of State published a notice of the adoption in August 1996.

ORS 183.341 provides that

"(1)  The Attorney General shall prepare model rules of procedure appropriate for use by as many agencies as possible. Any agency may adopt all or part of the model rules by reference without complying with the rulemaking procedures under ORS 183.335. Notice of such adoption shall be filed with the Secretary of State in the manner provided by ORS 183.355 for the filing of rules. * * *

"(2)  All agencies shall adopt rules of procedure to be utilized in the adoption of rules and conduct of proceedings

in contested cases or, if exempt from the contested case provisions of ORS 183.310 to ORS 183.550, for the conduct of proceedings.

"* * * * *

"(4)   *Agencies shall adopt rules of procedure which will provide a reasonable opportunity for interested persons to be notified of the agency's intention to adopt,* amend or repeal a rule. Rules adopted or amended under this subsection shall be approved by the Attorney General.

"(5)   No rule adopted after September 13, 1975, is valid unless adopted in substantial compliance with the rules adopted pursuant to subsection (4) of this section." (Emphasis supplied.)

ORS 183.335(1)(a) provides:

"Prior to the adoption, amendment or repeal of any rule, the agency shall give notice of its intended action:

"(a)   In the manner established by rule adopted by the agency under ORS 183.341(4), which provides a *reasonable opportunity for interested persons to be notified* of the agency's proposed action.

"(b)   In the bulletin referred to in ORS 183.360 at least 21 days prior to the effective date; and

"(c)   At least 28 days before the effective date, to persons who have requested notice pursuant to subsection (7) of this section.

"* * * * *

"(7)   Any person may request in writing that an agency mail to the person copies of its notices of intended action given pursuant to subsection (1) of this section. Upon receipt of any request the agency shall acknowledge the request, establish a mailing list and maintain a record of all mailings made pursuant to the request." (Emphasis supplied.)

Petitioner contends that the Board's rules are invalid because the Board failed to adopt its procedural rules before it adopted its structural rules, as required by ORS 183.341(2). The Board concedes that it failed to have its "procedural" rules in place before adopting its original structural

rules and that those structural rules, numbered OAR 299-010-0000 and 299-010-0010, as originally adopted, were therefore invalid. ORS 183.341(5). OAR 299-010-0010 was amended after the Board's procedural rules were in place, and apart from our further discussion, petitioner raises no specific challenge to the amended rule.

■■ Petitioner further contends that the Board's procedural rules are not calculated to provide reasonable notice to Department of Corrections inmates, who are interested persons, because the rules do not require the Board to publish notice of proposed rules in institutional newsletters or to provide copies to institutions for inmate comment. Accordingly, it is contended, the procedural rules and any other rules adopted pursuant to them, are invalid.[1]

■ The Board concedes that printing information in institutional newsletters may be a good way to provide notice to inmates. It contends, however, that the Board's procedural rules satisfy the statutory requirement to provide a "reasonable opportunity" for notice. The record shows that the Board's rules require the Board to provide copies of its rules to the Director's office of the Department of Corrections, the Capitol Press Room, and the Associated Press. OAR 299-001-0010(3)(g). Additionally, under ORS 183.360(3), all proposed administrative rules must be published in the Oregon Bulletin and, by Department administrative rule, OAR 291-139-020, all of the Department's institutions are required to carry copies of the Oregon Bulletin in their law libraries. By providing notice to the Director's office, which could supply information to institutional publications, the Board provided reasonable opportunity for notice to inmates. Additionally, the Board could rely on the Department's administrative rule requiring that libraries carry the Oregon Bulletin in determining that interested inmates had reasonable opportunity for notice. We agree with the Board that its rules provide a reasonable opportunity for notice to inmates, even if not the best possible notice.[2]

---

[1] Petitioner's challenge to the Board's temporary rules is moot, because the rules have expired. *Edmunson v. Dept. of Ins. and Finance*, 314 Or 291, 295, 838 P2d 589 (1992).

[2] Petitioner complains that the publication in the Oregon Bulletin is insufficient to notify inmates, because the Bulletin arrived late at the Oregon State Penitentiary Law Library. In this facial challenge to the validity of the Board's

OAR 299-010-0000 held invalid; otherwise rules held valid.

---

administrative rules, we will not consider the individual facts of this case, but only the rule itself. *See AFSCME Local 2623 v. Dept. of Corrections*, 315 Or 74, 79, 843 P2d 409 (1992). For the purpose of this challenge to the Board's administrative rules, the fact that the Bulletin arrived late to the OSP Law Library is irrelevant. As a further note, the Board has no control over when any publication in which it might publish notice arrives at an institution. The only notice over which the Board has direct control is that sent pursuant to its own mailing list, ORS 183.335(7). Petitioner here never requested that his name be added to that list.