Argued and submitted September 22, reversed November 10, 1982,
reconsideration denied January 7,
petition for review denied January 25, 1983 (294 Or 460)

In the Matter of the Compensation of
Felipe Aquillon, Claimant.
AQUILLON,
*Petitioner,*
*v.*
CNA INSURANCE et al,
*Respondents.*
(No. 80-06118, CA A24050)
653 P2d 264

John D. Ryan, Portland, argued the cause for petitioner. With him on the brief was Richard G. Helzer, Portland.

Emil R. Berg, Portland, argued the cause for respondents. With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant appeals from a determination by the Workers' Compensation Board (Board) affirming the referee's order and upholding the carrier's denial of compensability for a portion of an on-the-job knee injury that the carrier claims was solely the result of tuberculosis.

Claimant sustained the knee injury in December, 1978, when a metal door fell against his right knee, causing a tear of the medial meniscus. He underwent an arthroscopic meniscectomy in May, 1979, performed by Dr. Manley, who noted that the synovial fluid in the knee joint was cloudy. After the surgery, claimant continued to have problems with his knee. In October, 1979, Dr. Manley consulted a specialist in infectious diseases, who suggested the possibility of tuberculosis. In December, 1979, the presence of tuberculosis in the knee joint was confirmed by Dr. Manley. Another arthroscopy revealed "gross problems and changes within the knee * * * secondary to tuberculosis which [was felt to be] the reason for [claimant's] slow postoperative progress following the meniscectomy."

Dr. Hutchinson examined claimant in November, 1979. His initial opinion that the *surgery* had caused the tuberculosis to appear was revised at the hearing when he learned that the synovial fluid was cloudy at the time of the surgery. He then concluded that the *injury* had "a high probability of aggravating or activating" tubercular infection. He stated that claimant most likely had contracted tuberculosis in Mexico before working for his present employer and that it was an "indolent" (slowly growing) infection until the time of the injury. He stated that he knew of no medical studies documenting that tuberculosis itself can be accelerated or aggravated by the injury.

Dr. Gilbert, who had been consulted earlier, saw claimant in January, 1980. His first report stated that it is well documented that trauma can reactivate an indolent tubercular infection, and noted that, absent the injury, the tuberculosis here might not have been detected for a considerable time. In response to a subsequent inquiry from the insurer, he stated by letter in March, 1980, that the industrial injury in this case had not accelerated the tubercular infection and that it was "highly likely" that the right

knee tuberculosis would have manifested itself even if the injury had never occurred.

In May, 1980, the carrier issued the denial letter that is the subject of this appeal. In relevant part, the denial states:

"You submitted a claim to us for a work injury to your right knee that occurred on 12/18/78. That claim was accepted and benefits were paid to you as a result of this injury and subsequent surgery that was carried out.

"Thereafter, it was discovered that you were suffering from tuberculosis arthritis in the right knee. We have investigated this condition and found that the tuberculosis condition in no way relates to your occupational injury of 12/18/78. Furthermore, in all medical probability, the condition as it relates to the original injury would most likely have stabilized three months after the first surgical procedure as a result of the industrial injury.

"Therefore, we must advise you that we are denying any responsibility to you under Workers' Compensation as a result of the tuberculosis arthritis of your right knee and any tuberculosis condition from which you are now suffering or may suffer at any time in the future. This denial includes, but is not limited to, all medical treatment and any subsequent disability that results from any tuberculosis condition.

"This denial does not affect your original work injury and any benefits that you might be entitled to as a result of that original injury. *Furthermore, it is our position that, since in all medical probability your condition would have stabilized three months after your first surgery, you are not due any further benefits under Workers' Compensation as a result of your work injury of 12/18/78 and that all ongoing medical treatment, and disability, be it temporary or permanent in nature, is a result of your tuberculosis condition and in no way relates to your occupational injury of 12/18/78.* This denial is not to be construed as a waiver of other possible defenses." (Emphasis supplied.)

The denial was upheld by the referee based on the testimony of Dr. Gilbert at the hearing, when he explained his view that the tuberculosis itself was not affected by the injury. But Dr. Gilbert also explained that the synovium (membrane lining the knee joint), which was already

weakened by the tuberculosis, was further traumatized by the injury. He testified:

"* * * [ Tuberculosis is] a disease process already in the synovium tissue, and then we get the trauma on top of it, and hemorrhage. We get a lot of blood or lot of white cells or debris in the joint space, and that aggravates the already existing tuberculus infection, and I think I can support strongly that the TB was already there.

"It's not that we are aggravating the TB, but simply taking tissue already damaged with TB and put[ting] another process on top of it, which in this case happened to be trauma. The two, together, are aggravation. * * *

"* * * * *

"I know of no medical literature itself that shows the TB itself is made to progress faster, is more severe, or is aggravated in any way, but the synovitis is aggravated. In other words, you've got the cells already diseased by TB, and then they are traumatized, and you have additional injury, but it's not the TB that's progressing. Now, you have two disease processes going on in the synovium.

"* * * * *

"The synovium is diseased, and now injured, not only by the TB, but by the trauma * * *. The process is more aggressive. The process is a combination of the two things — the TB and the trauma.

"* * * * *

"The two injuries, combined, aggravated the disease in the synovium. * * *"

In this case, claimant challenges what purports to be a partial denial of his claim insofar as it relates to the tuberculosis, viewed as a separate condition, as well as a denial of further responsibility for benefits as a result of the accepted industrial injury claim. In the abstract, that kind of denial might not be unreasonable where there is a noncompensable, separate condition and where the claimant has fully recovered from his compensable injury. Here, the preponderance of the medical evidence is that the tuberculosis itself was not worsened by the industrial injury and hence is not itself compensable. The problem is that it is difficult, if not impossible, on this record to separate the effects of the tuberculosis from those of the traumatic injury. Perhaps for that reason, the denial went

farther than simply denying responsibility for the condition of tuberculosis. The denial letter stated that all compensable effects of the injury had ceased after three months, and thus implied that claimant's continuing disability was the result of the tuberculosis. The denial terminated all benefits for claimant's current condition, including payment for medical services.

There is, however, no medical evidence in the record supporting the position that all effects of the industrial injury had ceased. No doctor states that claimant's current condition stems solely from the tuberculosis. To the contrary, the undisputed medical evidence is that the two conditions are inextricably intertwined, in that the traumatic injury was superimposed on the tubercular infection, and the presence of the tubercular infection prolonged the effects of the traumatic injury to the synovium.

■ ■ It is well established that an accidental injury need not be the sole, or even the principal, cause of a disabling condition if it contributed to the disability, despite other preexisting conditions, for the employer takes the worker as he finds him. *Patitucci v. Boise Cascade Corp.,* 8 Or App 503, 507, 495 P2d 36 (1972). Here, the evidence shows that the knee injury contributed to claimant's current problem of a diseased synovium. To sustain the carrier's denial, it would be necessary to find that the claimant's current knee problem is solely attributable to the tuberculosis. Because no evidence supports that position, the employer's denial was improper.

Reversed.