Argued and submitted June 22, reversed; referee's order reinstated November 30, 1983, reconsideration denied April 20, petition for review denied May 15, 1984 (297 Or 124)

In the Matter of the Compensation of
Earl A. Safstrom, Claimant.

SAFSTROM,
*Petitioner,*

*v.*

RIEDEL INTERNATIONAL, INC.,
*Respondent.*

(82-02213; A26960)

672 P2d 392

Alan M. Scott, Portland, argued the cause for petitioner. With him on the brief were John M. Pitcher, and Galton, Popick & Scott, Portland.

Michael G. Bostwick, Portland, argued the cause for respondent. With him on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

**WARDEN, J.**

Claimant appeals from an order of the Workers' Compensation Board (Board) reversing the referee and upholding the employer's insurance carrier's partial denial of claimant's compensation claim. We reverse.

Claimant was injured on July 29, 1981, when he received a high voltage and high amperage electrical shock while working on employer's rock crushing machine. His claim was accepted by employer on August 31, 1981. He received temporary total disability compensation until March 1, 1982, when employer's insurance carrier issued what it characterizes as a partial denial of claimant's claim. The denial letter stated:

> "As you may be aware, we have accepted your claim for an electrical shock injury of July 29, 1981. However, after investigation into this matter, we find that continuing time loss and your present symptomatology are unrelated to the condition for which the claim was originally accepted.
>
> "We must, therefore, respectfully deny any further time loss and medical benefits relative to your present symptomatology."

Claimant requested a hearing pursuant to ORS 656.283. The referee overruled the denial on the basis that the medical evidence did not justify denial of the claim. He remanded the matter to the carrier for immediate processing, ordering reinstatement of time loss benefits until termination was authorized under ORS 656.268. Employer sought review of that order by the Board. The Board reversed the referee, affirmed the carrier's partial denial and directed employer to submit the claim for closure pursuant to ORS 656.268. This appeal followed.

■ The denial letter of March 1, 1982, does not deny claimant's claim *ab initio*, but attempts to deny responsibility for time loss, as well as medical benefits, relative to claimant's symptomatology from that day forward. Even assuming that such a denial might be appropriate where the evidence established that there was both a discrete, noncompensable condition and a compensable injury, and the claimant had fully recovered from the compensable injury, *see Aquillon v. CNA Insurance,* 60 Or App 231, 235, 653 P2d 264 (1982), *rev den* 294 Or 460 (1983), the medical testimony here establishes that

claimant's symptoms are a continuation of the symptoms arising from his original compensable injury.[1] The action of the carrier, although characterized as a partial denial, is essentially an attempt to terminate its liability for the original injury as of a specific time. *Cf. Bauman v. SAIF,* 295 Or 788, 670 P2d 1027 (1983) (once an insurer or self-insured employer accepts a claim, it cannot subsequently deny the claim and litigate the compensability of the claim in the absence of fraud and the like). The primary question is whether the carrier used the appropriate procedure to do that. We conclude that it did not.

■ When an employer or its insurer denies the compensability of all or any portion of a claim for medical services, it must notify the medical service provider, who must then cease billing the employer or insurer. ORS 656.313. That action, however, does not terminate the employer's obligation to pay temporary disability benefits or to request determination of permanent disability. An employer cannot stop making payments for temporary disability before the worker's condition is medically stationary. ORS 656.268(1). When a worker's condition has become medically stationary, the claim may be closed by the Evaluation Division, on request by the employer or insurer pursuant to ORS 656.268(2). Alternatively, if medical reports indicate that the worker's condition has become medically stationary and the employer or insurer decides that the claim is nondisabling or without permanent disability, the claim may be closed without a determination order by the Evaluation Division, subject to the Evaluation Division's authority later to issue a determination order on its review of the closure or at the request of the worker pursuant to ORS 656.268(3). Under either procedure, the Evaluation Division has the ultimate responsibility to determine whether a claim is

---

[1] Claimant first sought medical attention on August 3, 1981, at the Meridian Park Hospital emergency room, for complaints of aching neck, muscles and joints and ear drainage. The examining doctor noted a small burn on his left wrist, as well as tenderness of the muscles in his neck and extremities, and treated him for ear wax. Claimant next saw Dr. William Larson on August 6, 1981, complaining of aching in his joints, left shoulder and back and a stiff, painful neck; on August 11, 1981, he also reported episodes of light-headedness. He continued frequent treatment with Dr. Larson for those symptoms until November, 1981, when he began seeing Dr. Ho. In a written report on November 4, 1981, Dr. Ho detailed similar symptoms. At the hearing before the referee, claimant testified that the symptoms continued through the date of the carrier's partial denial letter.

ready for closure and, if so, the extent of the claimant's permanent disability. Any party may request a hearing under ORS 656.283 on that determination.

■        The employer's insurance carrier here did not submit the claim to the Evaluation Division for closure pursuant to ORS 656.268(2), nor did the partial denial it issued purport to be an employer-insurer closure in compliance with ORS 656.268(3). Conversely, the carrier's denial for all future time loss and medical benefits related to claimant's continuing symptoms effectively terminated all benefits without an opportunity for the Evaluation Division to determine the extent of his disability, if any. A denial under these circumstances impermissibly circumvents the provisions of ORS 656.268. Accordingly, the carrier's denial was improper.

The order of the Board is reversed, and the order of the referee is reinstated.[2]

---

[2] Although we find that the carrier's partial denial was improper, we do not decide the merits of claimant's claim. The extent to which claimant's present symptoms may indicate a compensable continuing temporary disability injury or permanent disability is to be decided in the first instance by proceedings under ORS 656.268.