Argued and submitted March 21, affirmed May 16, reconsideration denied June 29, petition for review denied August 21, 1984 (297 Or 601)

In the Matter of the Compensation
of Elmer Maddocks, Claimant.

**MADDOCKS,**
*Petitioner,*

*v.*

**HYSTER CORPORATION,**
*Respondent.*

(82-01631; CA A29544)

681 P2d 178

John Silk, Eugene, argued the cause for petitioner. With him on the brief was Bischoff & Strooband, P.C., Eugene.

Scott H. Terrall, Portland, argued the cause for respondent. On the brief were Meyers & Terrall, and Daniel L. Meyers, Portland.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

JOSEPH, C. J.

### JOSEPH, C. J.

Claimant appeals an order of the Board which upheld the employer's "partial denial" of claimant's muscle disease claim and found that he has sustained no permanent disability. We reverse the denial and affirm on the extent of disability.

On November 4, 1981, claimant was working as a forklift mechanic for Hyster Corporation when he felt a straining sensation in his arms as he handled a 200 pound drive wheel. Thereafter, he was hospitalized for a marked swelling in his forearms, with weakness and tenderness, which caused his arms to look somewhat "like Popeye's." He was released from the hospital three days later and was eventually diagnosed as having idiopathic rhabdomyolysis, a muscle disease whose specific cause is unknown. He returned to work on January 24, 1982, and was able to work without problems until April 16, 1982, when he was laid off.

On February 4, 1982, employer wrote claimant:

"This letter is a partial denial of your workers' compensation claim. The intent is to accept responsibility for treatment of your preexisting condition only between November 4, 1981, and January 25, 1982, and responsibility for any permanent impairment as a result of the event of November 4, 1981."

Claimant requested a hearing on the denial. A determination order issued on March 15 for an award of 10 percent scheduled disability for each of claimant's forearms. Claimant then amended the request for hearing to challenge the adequacy of the award. The referee affirmed the employer's denial and vacated the permanent disability award. On review, the Workers' Compensation Board affirmed the referee.

■ ■ The "partial denial" was invalid, *Roller v. Weyerhaeuser Co.,* 67 Or App 583, 679 P2d 341 (1984); *Safstrom v. Riedel International, Inc.,* 65 Or App 728, 672 P2d 392 (1983), and is of no force and effect. However, a determination order did issue, from which an appeal was taken. We agree with the Board's determination that claimant has not established any permanent disability.

Affirmed.