Argued and submitted July 1, affirmed November 23, 1988

CHAFFEE,
*Petitioner,*

*v.*

NOLT et al,
*Respondents.*

(WCB 85-03983; CA A46200)

764 P2d 600

David J. Hollander, Portland, argued the cause for petitioner. With him on the brief was David J. Hollander & Associates, Portland.

Jerry K. Brown, McMinnville, argued the cause for respondents. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, P.C., McMinnville.

Before Buttler, Presiding Judge, and Graber and Riggs, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board. We conclude that substantial evidence supports the Board's findings that claimant was medically stationary without permanent disability at the time employer issued its notice of closure, that his compensable back injury did not contribute to the onset or worsening of his psychological condition and that chiropractic treatments in excess of two per month are not reasonable and necessary. We affirm the Board on all of those issues without discussion, and write only to address one procedural question raised by claimant.

■      Three days before it issued its notice of closure, employer determined that it would pay no further benefits for claimant's back problem and sent him a letter stating:

"Our on-going medical investigation shows that you are experiencing symptoms related to a psychological condition. We are hereby denying any psychological condition as not related to your condition."

At the hearing, employer's counsel stated that the letter was intended to indicate that all of claimant's back symptoms were related to the noncompensable psychological condition and to deny all future benefits for the back condition. Although characterized as a "partial denial" of the psychological condition, *see Georgia Pacific v. Piwowar,* 305 Or 494, 501, 753 P2d 948 (1988); *Johnson v. Spectra Physics,* 303 Or 49, 733 P2d 1367 (1987), given counsel's interpretation of the letter, it was not a denial of a separate condition from the one that had been accepted originally. It was, in effect, a prospective denial of the back condition for which employer had been paying benefits all along, and, as such, was improper. *See Roller v. Weyerhaeuser,* 67 Or App 583, 679 P2d 341, *on reconsideration* 68 Or App 743, 683 P2d 554, *rev den* 297 Or 601 (1984); *Safstrom v. Riedel International, Inc.,* 65 Or App 728, 672 P2d 392 (1983), *rev den* 297 Or 124 (1984); *Aquillon v. CNA Insurance,* 60 Or App 231, 235, 653 P2d 264 (1982), *rev den* 294 Or 460 (1983).

■      However, we agree with the Board that, in view of employer's prompt closure of the claim immediately after the issuance of the denial, it does not appear that its conduct was intended to shortcut the ordinary process of claim closure or was otherwise unreasonable. The Board, therefore, did not err

in deciding the compensability of cláimant's psychological condition.

Affirmed.