Argued and submitted October 30, affirmed December 17, 1997

In the Matter of the Compensation of
Fernandita Nichols, Claimant.

## OREGON LOX COMPANY
and EBI Companies,
*Petitioners,*

*v.*

Fernandita NICHOLS,
*Respondent.*

(WCB 96-01546; CA A96746)

949 P2d 741

Kenneth L. Kleinsmith argued the cause for petitioners. With him on the brief was Meyers, Radler, Replogle, Roberts & Miller.

G. Duff Bloom argued the cause for respondent. With him on the brief was Cole, Gary and Wing, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Employer seeks review of an order of the Workers' Compensation Board, contending that the Board erred in affirming an order of an administrative law judge (ALJ), which had affirmed the Appellate Review Unit's order on reconsideration increasing claimant's scheduled disability award for the left and right wrists. Employer asserts that the issue of the extent of claimant's scheduled disability was not properly before the Appellate Review Unit because, although claimant filed a request for reconsideration of employer's notice of closure, she did not specifically seek reconsideration of the scheduled disability award and therefore failed to preserve it. Employer asserts, therefore, that the Board should have reduced claimant's award to that made by the notice of closure. We conclude that, because employer did not make its argument at the hearing or before the Board, the challenge is waived and unpreserved. Accordingly, we affirm the Board.[1]

Claimant compensably injured her wrists while working in employer's salmon processing factory. Employer accepted a claim for bilateral carpal tunnel syndrome and overuse syndrome involving both hands, arms, shoulders and the neck. Employer issued a notice of closure of the claim with an award of five percent scheduled permanent partial disability for each wrist and no unscheduled disability. Claimant sought reconsideration of the notice of closure with the Appellate Review Unit of the Workers' Compensation Division of the Department of Consumer and Business Services. On the request form, claimant listed as issues her entitlement to temporary disability and to unscheduled permanent disability for the neck and shoulders. The matter was assigned to a medical arbiter pursuant to ORS 656.268(7) and, based on the findings of the medical arbiter, the Appellate Review Unit awarded claimant five percent unscheduled permanent disability and also increased claimant's scheduled permanent disability awards to 24 percent for the left arm and 16 percent for the right forearm. Claimant and

---

[1] There is no contention made by employer that the extent of disability is not supported by substantial evidence.

employer each requested a hearing, claimant seeking additional benefits for scheduled and unscheduled disability and employer asserting that the scheduled disability awards should be reduced. The ALJ reduced the left arm award to 22 percent and increased the right arm award to 18 percent, for a net increase in the scheduled awards of 6.72 degrees, and increased the unscheduled award to 19 percent.

Employer sought review of the ALJ's order, again contending that the awards for scheduled and unscheduled permanent partial disability should be reduced, and asserting for the first time that, "because claimant did not challenge scheduled permanent partial disability at the reconsideration proceeding, she cannot at the time of the hearing challenge scheduled permanent disability." Employer argued that, pursuant to ORS 656.268(8) and ORS 656.283(7), claimant was barred from asserting *at the hearing* that she was entitled to an increase in scheduled disability *over and above that awarded by the order on reconsideration*, and that the ALJ lacked jurisdiction over that issue and could only consider employer's assertion that scheduled disability should be reduced.[2] Employer conceded that it had not raised the issue at the hearing, but argued that because the issue was jurisdictional the Board should consider it.

The Board held that, assuming that claimant had not raised the issue of scheduled disability in her request for reconsideration, the question of claimant's entitlement to additional scheduled disability "arose out of the order on reconsideration" by virtue of the *sua sponte* award of additional scheduled disability and, hence, was subject to review by the ALJ pursuant to ORS 656.268(8). On the merits, the

---

[2] ORS 656.268(8) provides:

"No hearing shall be held on any issue that was not raised and preserved before the department at reconsideration. However, issues arising out of the reconsideration order may be addressed and resolved at hearing."

ORS 656.283(7) provides, in part:

"Evidence on an issue regarding a notice of closure or determination order that was not submitted at the reconsideration required by ORS 656.268 is not admissible at hearing, and issues that were not raised by a party to the reconsideration may not be raised at hearing unless the issue arises out of the reconsideration order itself."

Board affirmed claimant's awards and assessed an attorney fee.

We need not determine whether the Board was correct in its reasoning that the question of claimant's entitlement to additional scheduled disability over that awarded by the order on reconsideration arose out of the determination order. On judicial review, employer no longer challenges the awards directly or even contends that there is a jurisdictional defect. Further, it no longer challenges the ALJ's authority to order an increase in scheduled disability benefits over that made in the order on reconsideration. Rather, employer's only argument is that claimant failed to preserve her entitlement to additional scheduled disability *over and above the awards made by the notice of closure,* that the *Appellate Review Unit* therefore lacked authority to increase the awards and that the awards should therefore be reduced to the awards made *in the notice of closure.* The resolution of that issue must await another day, because it was not raised at the hearing or before the Board. *See Fister v. South Hills Health Care,* 149 Or App 214, 942 P2d 833 (1997).

Affirmed.