Argued and submitted May 12, reversed and remanded for reconsideration December 27, 2000, respondents' petition for reconsideration filed January 10 and petitioner's response and cross-petition for reconsideration filed January 24 allowed by opinion February 28, 2001
See 172 Or App 663 (2001)

In the Matter of the Compensation of
Jack B. Roy, Claimant.

Jack B. ROY,
*Petitioner,*

*v.*

McCORMACK PACIFIC COMPANY
and SAIF Corporation,
*Respondents.*

(97-00659; CA A105275)

17 P3d 550

Donald M. Hooton argued the cause and filed the brief for petitioner.

Jerome Patrick Larkin argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

In this workers' compensation case, claimant seeks judicial review of an order of the Board, in which the Board upheld SAIF's denial of compensation for claimant's current condition and consequential injury. We reverse.

Claimant was injured twice. In August 1996, he suffered a torn meniscus in his left knee in a work-related accident (the August injury). The torn portion of the meniscus was surgically removed on October 1, 1996. SAIF determined that claimant's August injury and his resulting condition were compensable. It accepted a "left knee strain and contusion," and "a grade 3 tear of the posterior horn of the medial meniscus, repaired on October 1, 1996, as a result of the work-related injury of August 14, 1996." Claimant began to recover and was engaged in physical therapy when he injured the same knee again by falling on his way across a parking lot after a physical therapy appointment on October 25 (the October injury). SAIF became aware of the October injury through reports of claimant's treating physician about the new injury and not because of any action on claimant's part.

Before the October injury occurred, claimant's physician had anticipated that claimant would be released for light-duty work in a few days and that he would be medically stationary by January or February 1997. After it occurred, the physician determined that the October meniscus tear was distinct from the August meniscus tear and that claimant's fall was only partially caused by the weakened state of his knee from the August injury. The physician reported that the August injury and claimant's resulting condition was only a 25 percent factor in causing claimant to fall in October and that the October fall itself was the major cause of the October injury and claimant's current condition.

When SAIF learned of the October injury, it determined that it had caused a "consequential condition."[1] SAIF

---

[1] *See* ORS 656.005(7)(a)(A) ("No injury or disease is compensable as a consequence of a compensable injury unless the compensable injury is the major contributing cause of the consequential condition."). We have defined a "consequential" injury or condition in past cases, by comparing a consequential injury with an

concluded that because the October injury was caused only in minor part by the residual weakness remaining after the August injury, claimant's current condition was no longer compensable. SAIF wrote claimant and denied coverage for his October injury and his post-October 25 condition, stating:

> "We have recently received information that you sustained a new off work injury to your left knee on October 25, 1996. The new injury has been diagnosed as a Grade III retear of the posterior horn of the medial meniscus. Since your accepted claim is not the major cause of this new consequential injury, and since the new injury is the major cause of the your current disability and need for medical treatment, the new injury and your current condition on and after October 25, 1996 are not compensable in this claim.

> "Therefore, we must issue this denial of your new consequential injury and current condition. SAIF Corporation will continue to provide medical benefits related to your accepted left knee strain and contusion."

Claimant requested a hearing on the denial before the hearings division. He argued that his current condition was not a consequential injury and thus, not subject to a major contributing cause standard. He also argued that

> "[t]he original injury cannot be denied by way of a current condition denial so long as that material relationship is present, and the claim has not been closed. The denial in this case, occurred prior to claim closure. *See,* ORS 656.262(7)(b) and *Michael C. Leggett,* 50 Van Natta 151 (1998) (preclosure denial not permitted unless insurer has accepted a combined condition.)."

The administrative law judge (ALJ) upheld SAIF's denial, as did the Board on appeal by claimant. The Board specifically held that the October injury was a consequential

---

initial compensable injury. In *Albany General Hospital v. Gasperino,* 113 Or App 411, 415, 833 P2d 1292 (1992), we said,

> "The distinction is between a condition or need for treatment that is caused by the *industrial accident,* for which the material contributing cause standard still applies, and a condition or need for treatment that is caused in turn by the *compensable injury.* It is the latter that must meet the major contributing cause test."

injury, that claimant's current condition was therefore subject to the major contributing cause standard of proof, ORS 656.005(7)(a)(A), and that the evidence failed to show that the August injury was the major contributing cause of claimant's post-October 25 condition. Its order states:

> "We affirm the ALJ's conclusion that claimant's new meniscus tear is a noncompensable consequential condition under ORS 656.005(7)(a)(A). It, therefore, follows that claimant's 'current condition' is not compensable so long as the new meniscus tear remained the major contributing cause of claimant's disability and need for treatment. To conclude otherwise would circumvent the legislature's intent in enacting ORS 656.005(7)(a)(A).

> "Finally, we note that our decision does not effect [*sic*] SAIF's continued responsibility for any future treatment and disability that is compensably related to the accepted August 14, 1996 injury."

Claimant now concedes that his October injury was a new, consequential injury, rather than a worsening or aggravation of the August injury or a new medical condition. However, he argues that: (1) the Board erred when it upheld the denial that SAIF issued without first closing the accepted claim, and (2) the Board erred when it failed to address the ruling of the ALJ that excluded two exhibits from the record. We address the latter issue first.

■ At the hearing before the ALJ in April 1997, claimant's counsel requested that the record be left open for the specific, limited purpose of the admission of a later-scheduled deposition of Dr. Witczak. Claimant was granted leave to submit that deposition testimony when it was procured. SAIF submitted the transcript of Dr. Witczak's deposition. On January 5, 1998, the ALJ scheduled closing arguments to occur in the following weeks. On January 19, 1998, claimant offered a medical arbiter's report dated July 1, 1997, and a hearings division December 31, 1997, opinion and order on claimant's extent of disability from the August injury into evidence. After SAIF objected, the ALJ entertained arguments on the admissibility of the exhibits and ruled, denying claimant's request to reopen the record for the admission of the exhibits. The ALJ reasoned that the medical arbiter's report had been in existence for several months before it was

offered and that claimant offered no explanation for that delay. He also concluded that SAIF would be prejudiced by the admission of the report because it would not be able to cross-examine the physician who had prepared the report. As to the opinion and order regarding claimant's permanent disability rating, the ALJ reasoned that it was inadmissible because it was then being challenged by claimant, and therefore was not a final order. Having ruled on claimant's evidentiary request, the ALJ stated, "The issues are compensability, attorney fees, and penalties for what claimant contends is an unreasonable denial." The ALJ ultimately held that SAIF's denial was proper.

Claimant moved for reconsideration of the ALJ's decision on May 7, 1998. He did not request reconsideration of the ALJ's ruling as to the admissibility of the evidence. SAIF's response also did not address that issue. The ALJ's order on reconsideration stated, "The parties' arguments on reconsideration have been reviewed. This review leads me to conclude that there have been no errors of fact or law and the April 16, 1998, Opinion and Order shall be republished as written by incorporation herein." Claimant appealed the order on reconsideration to the Board.

In lieu of submitting a new brief to the Board, claimant submitted the closing arguments that he had submitted to the ALJ before his motion for reconsideration. As we have stated, his initial closing argument discussed the evidentiary issue. However, in his cover letter to the Board, claimant said

> "Claimant contends the ALJ erred in assessing the standard of proof required to establish an injury to be a compensable consequence of the original injury. As it happens, this issue was throughly briefed to the Judge at hearing; he simply made the wrong decision."

The Board adopted the ALJ's findings and decision. The Board's order said, "On review, the issue is compensability." Its order made no mention of the evidentiary issue.

In light of the foregoing procedural history of the evidentiary issue, we are not persuaded that claimant put the Board on notice that it was being asked to decide the evidentiary issue. Claimant did not raise the issue in his request for

reconsideration by the ALJ, and although the argument was incorporated into claimant's closing argument to the Board because it had been included in the argument to the ALJ, counsel's cover letter to the Board did not mention it. Instead, the letter focused the Board's attention on the substantive issue of the standard to be applied to claimant's claim. Moreover, claimant did not seek reconsideration of the Board's order when it failed to address the issue. An argument that is not raised to the Board is deemed waived. *See Oregon Lox Co. v. Nichols,* 151 Or App 531, 949 P2d 741 (1997) (employer waived and failed to preserve its claim that Appellate Review Unit had lacked authority to increase workers' compensation claimant's scheduled disability awards where employer did not raise such issue at hearing before administrative law judge or Workers' Compensation Board). Consequently, we decline to consider claimant's evidentiary issue argument on review. ORAP 5.45(2).

Claimant's final argument has both procedural and substantive aspects. He argues that SAIF's denial was procedurally premature because the condition caused by his August injury was not yet medically stationary; it follows, according to claimant, that the consequential condition arising from that condition could not have been properly denied absent closure of the accepted claim. He concludes, based on the perceived procedural error, that the Board should have applied a material contributing cause standard rather than a major contributing cause standard to medical treatment for the August injury.[2] Our first inquiry, as it was with the preceding issue, is whether the issue was raised to the Board.

■    Claimant's contention is, at times, unclear, but he argued throughout his submissions to the Board that, "The Board erred when it affirmed a premedically stationary and *preclosure* denial * * *." The cover letter to the Board, as referred to above, directed the Board's attention to the merits of the case, not to any procedural error. However, claimant's closing argument to the Board reads, in part:

---

[2] For example, claimant argued to the Board, "ORS 656.273(1) and the major contributing cause standard for intervening injuries discussed there, do not apply to this claim, since at the time of the October 25, 1996 injury that claimant had not yet reached a medically stationary status and the claim had not been closed."

> "The original injury cannot be denied by way of a current condition denial so long as that material relationship is present, and the claim has not been closed. The denial in this case[ ] occurred prior to claim closure. *See,* ORS 656.262(7)(b) and *Michael C. Leggett,* 50 Van Natta 151 (1998) (preclosure denial not permitted unless insurer has accepted a combined condition.).""

We conclude that claimant's brief to the Board was sufficient to put it on notice as to the issue.

■　　The Board did not respond to the procedural aspect of claimant's argument. It ruled that claimant's current condition was a consequential condition, applied a major contributing cause standard and found that it had not been met. It stated,

> "We affirm the ALJ's conclusion that claimant's new meniscus tear is a noncompensable consequential condition under ORS 656.005(7)(a)(A). It, therefore, follows that claimant's 'current condition' is not compensable so long as the new meniscus tear remained the major contributing cause of claimant's disability and need for treatment. To conclude otherwise would circumvent the legislature's intent in enacting ORS 656.005(7)(a)(A).
>
> "Finally, we note that our decision does not effect [*sic*] SAIF's continued responsibility for any future treatment and disability that is compensably related to the accepted August 14, 1996 injury."

Thus, although the Board reached the merits of the claim, it failed to address the procedural issues raised by claimant that could have affected the claim. Although the order purports to maintain claimant's accepted claim in open status, it effectively prohibits compensation from being paid for claimant's current condition. The failure of the Board to address claimant's argument in its entirety renders its order insufficient for our review.

The applicable statutes frame the issue for the Board to decide on remand.[3] ORS 656.268(1) (1997), provided, in part:

---

[3] Many of the provisions relevant in this case were amended in 1999. *See* Or Laws 1999, ch 313, § 1.

> "Claims shall not be closed if the worker's condition has not become medically stationary unless:

> "(a) The accepted injury is no longer the major contributing cause of the worker's combined or consequential condition or conditions pursuant to ORS 656.005(7) and the worker is not enrolled and actively engaged in training. When the claim is closed because the accepted injury is no longer the major contributing cause of the worker's combined or consequential condition or conditions, the likely impairment and adaptability that would have been due to the current accepted condition shall be estimated."

ORS 656.268(2)(a) (1997) provided:

> "Unless the insurer or self-insured employer has elected to close the claim pursuant to this section, when the injured worker's condition resulting from an accepted disability injury has become medically stationary or the accepted injury is no longer the major contributing cause of the worker's combined or consequential condition pursuant to ORS 656.005(7), unless the injured worker is enrolled and actively engaged in training, *the insurer or self-insured employer shall so notify the Department of Consumer and Business Services, the worker, and the employer, if any, and request the claim be examined and further compensation, if any, be determined.*" (Emphasis added.)

ORS 656.268(4)(a) (1997) provided:

> "When the worker's condition resulting from an accepted disability injury has become medically stationary, and the worker has returned to work or the worker's attending physician releases the worker to return to regular or modified employment, or when the worker's accepted injury is no longer the major contributing cause of the worker's combined or consequential condition or conditions pursuant to ORS 656.005(7), the claim may be closed by the insurer or self-insured employer, without the issuance of a determination order by the Department of Consumer and Business Services."

SAIF did not elect to close claimant's accepted claim at the time that it issued its denial, as it could have done under ORS 656.268(4)(a) (1997). It was therefore required by the mandatory language of ORS 656.268(2)(a) (1997) to refer the claim to the department for further examination and a

determination of further compensation. When the claimant's condition is a combined condition, ORS 656.262(7)(b) addresses this procedural issue.[4] Here, however, claimant's current condition is not a combined condition, but a consequential condition. We are unaware of any statute that authorizes an insurer to deny a consequential claim without also closing the underlying accepted claim. Moreover, we cannot discern from the record before us what effect, if any, SAIF's failure to close the accepted claim had on the payment of compensation for the accepted condition. Under the circumstances, the Board in the first instance must make the initial determination about the effect of SAIF's erroneous failure to close the August injury claim.

Reversed and remanded for reconsideration.

---

[4] ORS 656.262(7)(b) provides that

"[o]nce a worker's claim has been accepted, the insurer or self-insured employer must issue a written denial to the worker when the accepted injury is no longer the major contributing cause of the worker's combined condition before the claim can be closed." *See also SAIF v. Belden*, 155 Or App 568, 964 P2d 300 (1998), *rev den* 328 Or 330 (1999).