On respondents' petition for reconsideration filed January 10; and on petitioner's response and cross-petition for reconsideration filed January 24, reconsideration on both petitions allowed; opinion (171 Or App 526, 17 P3d 550) adhered to as modified February 28, 2001

In the Matter of the Compensation of
Jack B. Roy, Claimant.

Jack B. ROY,
*Petitioner,*

*v.*

MCCORMACK PACIFIC COMPANY
and SAIF Corporation,
*Respondents.*

(97-00659; CA A105275)

19 P3d 999

Jerome P. Larkin, Salem, for respondents.

Donald M. Hooton, Milwaukie, for petitioner.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

SAIF petitions for reconsideration of our opinion in this workers' compensation case, *Roy v. McCormack Pacific Co.*, 171 Or App 526, 17 P3d 550 (2000). Claimant also cross-petitions for reconsideration. We allow reconsideration on both petitions, modify our opinion, and adhere to our previous disposition.

Claimant sought judicial review of an order of the Workers' Compensation Board upholding SAIF's denial of compensation for claimant's current condition and consequential injury. SAIF had originally accepted claimant's condition consisting of a left knee strain and contusion and a tear of the medial meniscus. Several weeks later, claimant suffered a new injury to the same knee, an injury of which SAIF became aware through a report from claimant's treating physician. As a result of that information, SAIF issued a denial of compensability for the new injury and for claimant's post-injury condition without first closing the accepted claim. Ultimately, the Board upheld the denial. On review, we reversed the Board's ruling and remanded for reconsideration, reasoning that there is no statutory authority for the denial of a consequential injury claim unless the underlying, accepted claim is also closed. We observed, "we cannot discern from the record before us what effect if any, SAIF's failure to close the accepted claim had on the payment of compensation for the accepted condition." *Roy*, 171 Or App at 535.

In its petition for reconsideration, SAIF argues that the record shows that it issued a notice of closure of the accepted claim four calendar days and two business days after it issued the denial. Relying on our holding in *Chaffee v. Nolt*, 94 Or App 83, 764 P2d 600 (1988), for the first time on reconsideration, SAIF argues that there was no erroneous failure to close the accepted claim in light of the proximity of its closure to the issuance of its denial and the fact that the accepted claim had been closed before the Board upheld the denial. SAIF did not rely on *Chaffee* until this petition for reconsideration as a justification for the fact that its closure did not occur before the denial. Our initial opinion did not discuss whether the accepted claim had been closed before the

Board's order upholding SAIF's denial. To the extent that our original opinion suggests that it had not, it is modified accordingly.

■ The question then becomes whether, under *Chaffee*, SAIF is entitled to have the Board's order upholding its denial affirmed. In *Chaffee*, the claimant sought review of an order of the Board finding that the claimant's compensable back injury was medically stationary without permanent disability at the time that the employer issued its notice of closure. We affirmed the Board's order, writing only to address a procedural issue raised by the claimant. Three days before the employer issued its notice of closure, it sent the claimant a letter informing him that it was denying "any psychological condition as not related to your condition." At the hearing, employer's counsel stated that the letter was intended as a denial of future benefits for the back condition. Because the denial was in effect a prospective denial of an accepted condition, we held it to be procedurally improper. However, we also held:

> "[I]n view of employer's prompt closure of the claim immediately after the issuance of the denial, it does not appear that its conduct was intended to shortcut the ordinary process of claim closure or was otherwise unreasonable." *Chaffee*, 94 Or App at 85.

In this case, claimant expressly argued to the Board that the procedural error of denying an accepted claim occurred before the claim was closed, but the Board did not respond to that argument. As a result of that failure, we said that we could not discern from the record before us what effect, if any, SAIF's procedural error had on the payment of compensation for the accepted claim and concluded that the failure of the Board to address claimant's argument rendered its order insufficient for our review. It is that perception that distinguishes this case from *Chaffee*, in which this court made a ruling that was tantamount to a ruling of harmless error on the facts of that case. As we stated in our initial opinion, the more prudent course of action on the record before us is to permit the Board to make the determination of the effect of SAIF's error in the first instance.

■     In claimant's petition for reconsideration, he requests that the Board's order be reversed on the ground that it failed to address an evidentiary ruling of the administrative law judge (ALJ). In our initial opinion, we held that claimant had not shown that he put the Board on notice that the evidentiary ruling was an issue on appeal to the Board. In his petition for reconsideration, claimant points to the language of the letter of request for Board review in which he said, "Review is requested on each and every issue raised at hearing." However, as we stated in our opinion, the letter focused the Board's attention on the issue of compensability and did not expressly refer to any evidentiary ruling. In lieu of submitting a brief on appeal to the Board, claimant submitted a copy of the closing argument that he had submitted to the ALJ. The review by the Board resulted in an order that stated: "On review, the issue is compensability." Thereafter, claimant did not correct the Board's understanding by requesting the Board to consider the evidentiary ruling on reconsideration. To adopt claimant's argument under these circumstances would result in a reversal on judicial review on the ground that the Board is required to review every ruling in the record made before the ALJ, even though the Board has not been put on explicit notice as to the issue before it. For obvious reasons, we decline claimant's invitation to promulgate such a principle of law. There is no apparent reason that would have prevented claimant from alerting the Board to the evidentiary issue in the way that he alerted it to the procedural error.

On SAIF's petition, reconsideration allowed; opinion adhered to as modified. On claimant petition, reconsideration allowed; opinion adhered to.