Argued and submitted October 9, 2000, affirmed May 9, 2001

In the Matter of the Compensation of
Dorothy E. Toy, Claimant.

## HEWLETT-PACKARD CO.,
*Petitioner,*

*v.*

Dorothy E. TOY,
*Respondent.*

## 99-01934 and 98-09995; A108244

23 P3d 1015

Thomas W. Sondag argued the cause for petitioner. With him on the brief were Scott P. Monfils, Lane Powell Spears Lubersky and Hitt Hiller & Monfils.

Robert D. Carlson argued the cause for respondent. With him on the brief were James C. Egan and Kryger, Alexander, Egan & Elmer.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

The Workers' Compensation Board (the Board) set aside employer's denial of claimant's occupational disease claim. Employer seeks review, arguing that the medical opinion on which the Board relied is not supported by objective findings. We affirm.

In June 1994, claimant began working as a process operator in employer's microchip fabrication facility. She worked 12-hour shifts for three to four days per week with a team of process operators. Each team spent two weeks at one of five workstations and then rotated to the next workstation. Although her duties varied, claimant's job at each workstation required repetitive head and neck movements. On August 8, 1995, after her fourth consecutive 12-hour workday on the scanning electron microscope, claimant experienced stiffness and pain in her neck and sought medical treatment. She filed a workers' compensation claim, which employer accepted as a disabling cervical strain injury.

Claimant returned to a modified work environment with a somewhat reduced hourly workload[1] and abbreviated workstation rotation. Although she was permanently taken off the scanning electron microscope, she continued to experience severe neck pain. On January 26, 1998, employer closed the claim without an award of permanent disability.

After her claim was closed, claimant sought additional medical treatment. She also filed a new claim for an occupational disease, which employer denied on October 26, 1998. Employer explained that, if the claim were compensable, it would be compensable only as an aggravation of the earlier injury. Claimant filed an aggravation claim, which employer denied on February 9, 1999.

Claimant sought a hearing on both the occupational disease and aggravation claims. The administrative law judge (ALJ) found that "there is not a preponderance of medical evidence that the accepted strain condition has actually,

---

[1] She returned for six-hour days and had worked her way up to ten-hour days by November 1996.

pathologically worsened," *see* ORS 656.273(1), and upheld the denial of the aggravation claim.

The ALJ ruled that employer erred in denying the occupational disease claim. Relying on Dr. Rung, claimant's treating physician, the ALJ found that claimant had a "significant preexisting condition" and "that repetitive movements of the cervical spine on top of the probable preexisting degenerative changes would likely pathologically worsen the preexisting condition * * *."[2] Based on Rung's report, the ALJ also found that "the major contributing cause of claimant's neck and shoulder condition * * * was claimant's work activity for * * * employer." The ALJ set aside employer's October 26, 1998, denial of the occupational disease claim and directed employer to accept that claim. Employer sought review before the Board, which adopted the ALJ's opinion and order, with a minor modification, and affirmed.

■ On judicial review, employer argues that the Board erred in relying on Rung's opinion because it is not supported by objective findings. *See* ORS 656.802(2)(d).[3] As claimant points out, however, Rung's chart notes document, over a six-month period, that her physical examination of claimant revealed tenderness with myofascial trigger points primarily in the left upper trapezius and tenderness in the cervical paraspinous musculature. Rung's notes track the degree and location of the pain over that period and rule out other possible causes for it. In her next to last chart note, Rung also found diminished range of motion of claimant's cervical spine.

---

[2] If an occupational disease claim is based on a worsening of a preexisting condition, the claimant must prove that work activities were the major contributing cause of either the onset or pathological worsening of the disease. ORS 656.802(2).

[3] ORS 656.802(2)(d) provides:

"Existence of an occupational disease or worsening of a preexisting disease must be *established by medical evidence supported by objective findings.*" (Emphasis supplied.)

In defining "objective findings," ORS 656.005(19) provides:

" 'Objective findings' in support of medical evidence are verifiable indications of injury or disease that may include, but are not limited to, range of motion, atrophy, muscle strength and palpable muscle spasm. 'Objective findings' does not include physical findings or subjective responses to physical examinations that are not reproducible, measurable or observable."

■ ■ We recently explained that objective findings are "findings made by a medical expert on the basis of a verification process involving trained observation, examination, or testing that produces results—either physical or subjective responses—that are witnessed, measured, or can be reproduced." *SAIF v. Lewis*, 170 Or App 201, 212, 12 P3d 498 (2000), *rev allowed* 331 Or 692 (2001). Employer never explains why the Board could not find that the results of Rung's physical examinations of claimant constituted "objective findings" within the meaning of the statute. Rung's chart notes reveal that not only were her findings reproducible but that she in fact reproduced similar findings over a six-month period. Moreover, Rung's measurement of claimant's diminished range of motion is a statutorily enumerated "objective finding." *See* ORS 656.005(19). Rung's opinion is supported by objective findings within the meaning of ORS 656.802(2)(d) and ORS 656.005(19).[4]

Affirmed.

---

[4] Employer appears to argue in its brief that Rung's report is deficient because the report does not explain how the objective findings that Rung made support the conclusion that she reached. In essence, employer seeks to impose a "substantial reason" requirement on physicians' opinions. Employer never explains where it finds that requirement in the statute. In any event, that objection was not raised below, and "[a]n argument that is not raised to the Board is deemed waived." *Roy v. McCormack Pacific Co.*, 171 Or App 526, 532, 17 P3d 550 (2000); *accord Oregon Lox Co. v. Nichols*, 151 Or App 531, 949 P2d 741 (1997).